IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, : | | |
| **Plaintiff,** : | | |
| : | | **CIVIL ACTION** |
| v. : | | **No. 23-299** |
| : | | |
| HAVERFORD COLLEGE, : | | |
| **Defendant.** : | | |

# ORDER

This 26th day of January, 2023, upon consideration of Plaintiff's Motion to Proceed Under a Pseudonym, ECF 5, it is hereby **ORDERED** that:

1. Plaintiff's Motion is **GRANTED**, subject to reconsideration upon any future opposition by Defendant. Plaintiff may proceed as "John Doe," and shall be referred to as "John Doe" on the docket and in all future papers filed in this litigation.[1]

---

[1] Parties to a lawsuit typically must identify themselves. Fed. R. Civ. P. 10(a). However, parties may proceed anonymously in exceptional cases. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). In order to proceed anonymously, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Courts must also assess an array of factors that "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *See Megless*, 654 F.3d at 408-409 (describing non-comprehensive list of relevant factors).

Applying these factors, the Court finds that Plaintiff is entitled to proceed under a pseudonym. Plaintiff's identity has thus far been kept confidential outside of the Haverford community; Plaintiff has a legitimate fear of additional harm should his name become known beyond Haverford; there is a public interest in maintaining the confidentiality of the parties in such a sensitive matter involving purely legal issues; and nothing suggests that Plaintiff has illegitimate motives in proceeding anonymously. Moreover, none of the *Megless* factors that disfavor anonymity are present in this case. *See id.* at 409. Indeed, courts frequently allow plaintiffs to proceed under a pseudonym in circumstances involving alleged sexual misconduct in educational settings, given the emotionally charged nature of such suits and the "minimal value to the public" of knowing a plaintiff's identity. *See Doe v. Purdue Univ.,* 321 F.R.D. 339, 343 (N.D. Ind. 2017) (compiling cases).

2. Plaintiff shall provide his actual name to the Court by filing a notice under seal by **January 31, 2023**.

3. Plaintiff's actual name shall be available to the attorneys of record in this litigation, who will not disclose or permit disclosure of this name except to their law partners, associates, and persons employed in the law offices of such attorneys.

/s/ Gerald Austin McHugh  
United States District Judge
