# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE | CIVIL ACTION NO. |
| Plaintiff, | No. 2:23-cv-00299-GAM |
| v. | |
| HAVERFORD COLLEGE | |
| Defendant. | |

## AFFIDAVIT OF DANIELLE LYNCH

**I, Danielle Lynch, declare as follows:**

1. I am the Director of Athletics at Haverford College. I have personal knowledge of the following statements.

2. In my role as Director of Athletics, I oversee the intercollegiate athletic teams at the College, including the men's varsity track and field team.

3. The College Athletic Department's policy on roster management, as set forth in the Haverford College Student-Athlete Handbook, reads as follows:

> Being a varsity athlete at Haverford College is a privilege and not a right. Varsity coaches have broad discretion in determining the individuals who make up his or her team's active roster. This discretion includes, but is not limited to, removal from the roster at any time. Should you feel that you were removed from the team unjustly, you can submit an appeal to the director of athletics.

*See* Exhibit C to Declaration of Joshua W. B. Richards, at 3.

4. The Student-Athlete Handbook is publicly available on the College's website here: https://www.haverfordathletics.com/information/saac/HC_STUDENT-ATHLETE_HANDBOOK_19-20.pdf.

5. In my experience and pursuant to my authority as Athletic Director, one valid reason for a coach to exercise this authority to prevent a student-athlete from participating on a team would be if that student-athlete's presence on the team would be disruptive to overall team cohesion, morale, and/or performance.

6. While the fact that in some cases a coach's decisions regarding roster management may negatively impact an individual student-athlete's ability to participate in intercollegiate athletics at the College may be regrettable, a coach's obligation is to make decisions that are in the best interest of their team as a whole. As a general matter, the College does not interfere with a coach's roster decisions.

7. In late March 2022, I attended a meeting between Plaintiff John Doe, Coach Tom Donnelly, the track and field co-captains, and several College officials concerning Doe's request to rejoin the track and field team. During this meeting, the co-captains voiced concerns that they were uncomfortable with the possibility of Doe rejoining the track and field team.

8. During the Fall 2022 semester, Plaintiff made requests to rejoin the team. In response, the College communicated to Doe that, for his request to be considered, Doe would need to participate in a facilitated discussion with the head coach, Coach Donnelly, and the team co-captains to determine whether Doe's return to the team was achievable, considering team dynamics and performance.

9. It is my understanding that following facilitated discussions between Doe, Coach Donnelly, and the team co-captains, Coach Donnelly made the decision to uphold his previous decision to not allow Plaintiff back on the team.

10. At a December 19, 2022 meeting, I confirmed to Doe that Coach Donnelly's decision was final, and that coaches at the College have full autonomy over roster decisions, consistent with Athletic Department policy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of February, 2023.

_Danielle Lynch_
Danielle Lynch