**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DOE** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | CASE NO.:  2:23-cv-00299-GAM |
| v. | : | |
| | : | |
| **HAVERFORD COLLEGE, COACH 1,** | : | |
| **CAPTAIN A, AND STUDENT 1** | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIM OF DEFENDANT STUDENT 1 TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Student 1, by and through her attorney, Kevin M. Siegel, Esquire, hereby answers the

First Amended Complaint as follows:

**THE NATURE OF THE ACTION**

1.      Denied.  It is denied that Student 1 initiated and /or spread false and malicious rumors or

did anything that could be construed as defamatory.  Moreover, answering defendant disputes the Plaintiff

sustained damages.

2.      Denied.  The allegation(s) of this paragraph pertain to a defendant other than the

answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at

trial, if relevant.  By way of further answer, and without waiver of the foregoing, answering defendant is

without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s)

contained in this paragraph and strict proof thereof is demanded at trial.

3.      Denied.  Answering defendant is without sufficient knowledge or information sufficient

to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is

demanded at trial.

4.      Denied.  The allegation(s) of this paragraph pertain to a defendant other than the

answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at

trial, if relevant.  By way of further answer, and without waiver of the foregoing, answering defendant is

without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial. By way of further answer, it is denied that answering defendant engaged in any improper or actionable conduct or engaged in any campaign of harassment or gender-based discrimination.

5.     Denied. The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant. By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

6.     Denied. The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant. By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

7.     Denied. The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant. By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

8.     Denied. The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant. By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

9.      Denied.  The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant.  By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

10.      Denied.  The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant.  By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

11.      Denied.  The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant.  By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

12.      Denied.  The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant.  By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

13.      Denied.  The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant.  By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

14.     Denied.  The allegation(s) of this paragraph pertain to a defendant other than the answering defendant and, therefore, said allegation(s) are denied and strict proof thereof is demanded at trial, if relevant.  By way of further answer, and without waiver of the foregoing, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  At no time did STUDENT 1 engage in conduct which was improper or actionable and likewise did not cause any defamatory statements to be issued.  Plaintiff's allegations of damages are denied and strict proof thereof is demanded at trial.

## THE PARTIES AND JURISDICTION

15.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

16.     Admitted.

17.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

18.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

19.     Admitted.

20.     Denied.  The allegation(s) of this paragraph are conclusion of law.

21.     Denied.  The allegation(s) of this paragraph are conclusion of law.

22.     Denied.  The allegation(s) of this paragraph are conclusion of law.  It is admitted only that Student 1 is a resident of the Commonwealth of Pennsylvania.

23.     Denied.  The allegation(s) of this paragraph are conclusion of law.

## FACTUAL ALLEGATIONS

24.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

25.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

26.     Admitted.

27.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

28.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

29.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

30.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

31.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

32.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

33.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

**The Haverford Strike**

34.     Denied.  The allegations of this paragraph are admitted with the exception of the allegation concerning CAPTAIN A which is denied due to answering defendant lacking sufficient knowledge or information sufficient to form a belief.

35.     Admitted.

36.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

37.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

38.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

39.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

40.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

41.     Denied.  Answering defendant denied she ever engaged in improper or actionable conduct.  Answering defendant denies she ever engaged in false or defamatory rumors direct at Plaintiff.

**The False Rumor About John**

42.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

43.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

44.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

45.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

46.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

47.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

48.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

49.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

50.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

51.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

52.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

53.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

54.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

55.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

56.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

57.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

58.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

59.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

60.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

61.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

62.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

63.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

64.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

65.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

66.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

67.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

68.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

69.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

70.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

71.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

72.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

73.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

74.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

75.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

76.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

77.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

78.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

79.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

80.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

81.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

82.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

83.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

84.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

85.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

86.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

87.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

88.     Denied.  It is denied that Student 1 authored Instagram posts which were public and accessible by hundreds or thousands of people in which she identified Plaintiff.  Answering defendant has no access to these alleged pots, nor, any ability to retrieve these alleged posts and a request was made of Plaintiff's counsel to produce the posts.  As of the time of this filing, counsel for Plaintiff has not forwarded the alleged posts.

89.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

90.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

91.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

92.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

93.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

94.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

95.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

96.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

97.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

98.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

99.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

100.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

101.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.

102.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.

103.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.

104.- 155.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.

## COUNT I

156. – 182.   Denied.  The allegations contained in paragraphs 156 – 182 are directed at a Defendant other than the answering defendant.  For that reason, the allegations are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, answering defendant respectfully requests this Honorable Court dismiss Plaintiff's claims with prejudice and enter judgment in favor of answering defendant and against Plaintiff together with attorney' fees, costs and such other further relief as this Court deems equitable and just.

## COUNT II

183. – 201.     Denied.  The allegations contained in paragraphs 156 – 182 are directed at a Defendant other than the answering defendant.  For that reason, the allegations are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, answering defendant respectfully requests this Honorable Court dismiss Plaintiff's claims with prejudice and enter judgment in favor of answering defendant and against Plaintiff together with attorney' fees, costs and such other further relief as this Court deems equitable and just.

**COUNT III**

202. – 209.      Denied.  The allegations contained in paragraphs 156 – 182 are not directed at answering defendant and are directed at Defendants other than the answering defendant.  For that reason, the allegations are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, answering defendant respectfully requests this Honorable Court dismiss Plaintiff's claims with prejudice and enter judgment in favor of answering defendant and against Plaintiff together with attorney' fees, costs and such other further relief as this Court deems equitable and just.


**COUNT IV**

210.      Answering Defendant incorporates her responses to paragraphs 1-209 above as though fully set forth at length herein.

211.      Denied.  Answering defendant did not engage in any false campaign of harassment against Plaintiff that was extreme and outrageous.

212.      Denied.  It is denied that answering defendant knew or should have known that the allegations were false.

213.      Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied.  It is denied that answering defendant knew or should have known that the allegations were false.

214.      Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied.  It is denied that answering defendant knew or should have known that the allegations were false.

215.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied.  It is denied that answering defendant knew or should have known that the allegations were false.

216.     Denied.  Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied.  It is denied that answering defendant knew or should have known that the allegations were false.  All allegations of causation and damages are denied and strict proof thereof is demanded at trial, if relevant.

**WHEREFORE**, answering defendant respectfully requests this Honorable Court dismiss Plaintiff's claims with prejudice and enter judgment in favor of answering defendant and against Plaintiff together with attorney' fees, costs and such other further relief as this Court deems equitable and just.

**COUNT V**

217.     Answering Defendant incorporates her responses to paragraphs 1-216 above as though fully set forth at length herein.

218.     Denied.  The allegation of this paragraph is a conclusion of law.

219.     Denied.  It is denied that answering defendant engaged in any actionable or improper conduct.  Moreover, it is denied that prior to any alleged statements made by answering defendant that Plaintiff was well-regarded in the Haverford community and that he was a person of good name and reputation..  In fact, by Plaintiff's own admissions contained in his Complaint he was not well-regarded in the Haverford community prior to March 27, 2002.

220.     Denied.  The allegations in this paragraph are denied and deemed at issue.

221.     Denied. Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied.

Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.

222.     Denied.  The allegations of this paragraph are denied and deemed to be at issue.

223.     Denied. Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in this paragraph and strict proof thereof is demanded at trial.  Any allegations of improper conduct on part of the answering defendant are denied. Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.

224.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.

225.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.

226.     Denied.  The allegations in this paragraph are denied and deemed at issue. Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.

**WHEREFORE**, answering defendant respectfully requests this Honorable Court dismiss Plaintiff's claims with prejudice and enter judgment in favor of answering defendant and against Plaintiff together with attorney' fees, costs and such other further relief as this Court deems equitable and just.

**COUNT VI**

227.     Answering Defendant incorporates her responses to paragraphs 1-226 above as though fully set forth at length herein.

228.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.  By way of further response, answering defendant believes the Court "may" have already ruled that, in fact, there is no contract.

229.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.  By way of further response, answering defendant believes the Court "may" have already ruled that, in fact, there is no contract.

230.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.  By way of further response, answering defendant believes the Court "may" have already ruled that, in fact, there is no contract.

231.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of

Plaintiff are denied and strict proof thereof is demanded at trial.  By way of further response, answering defendant believes the Court "may" have already ruled that, in fact, there is no contract.

232.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.  By way of further response, answering defendant believes the Court "may" have already ruled that, in fact, there is no contract.

233.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.  By way of further response, answering defendant believes the Court "may" have already ruled that, in fact, there is no contract.  All allegations of causation and damages are denied and deemed at issue and strict proof thereof is demanded at trial.

234.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of Plaintiff are denied and strict proof thereof is demanded at trial.  By way of further response, answering defendant believes the Court "may" have already ruled that, in fact, there is no contract.  All allegations of causation and damages are denied and deemed at issue and strict proof thereof is demanded at trial.

235.     Denied.  The allegations in this paragraph are denied and deemed at issue.  Moreover, the allegation in this paragraph is a conclusion of law to which no responsive pleading is required and strict proof thereof is demanded at trial, if relevant.  Any allegations of improper conduct on part of the answering defendant are denied.  Moreover, all allegations concerning causation and/or damage claims of

Plaintiff are denied and strict proof thereof is demanded at trial.  By way of further response, answering defendant believes the Court "may" have already ruled that, in fact, there is no contract.  All allegations of causation and damages are denied and deemed at issue and strict proof thereof is demanded at trial.

  **WHEREFORE**, answering defendant respectfully requests this Honorable Court dismiss Plaintiff's claims with prejudice and enter judgment in favor of answering defendant and against Plaintiff together with attorney' fees, costs and such other further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

1.  Answering Defendant incorporates her answers to paragraphs 1-235 above as though fully set forth at length herein.

2.  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3.  If Plaintiff sustained the injuries and damages as alleged in his Complaint, then same were not proximately caused by any action or failure to act on behalf of Answering Defendant.

4.  Plaintiff's claims are barred and/or limited to the extent that evidence elicited during discovery or trial shows that Plaintiff has failed to mitigate damages.

5.  If Plaintiff sustained the injuries and damages as alleged in the Complaint, then same were caused by other individuals and /or entities over which Answering Defendant had or had no control.

6.  At all times relevant hereto, Answering Defendant acted with due and proper care under the circumstances.

7.  Answering Defendant did not breach any duty of care to Plaintiff at the time of the alleged incident.

8.  Plaintiff assumed the risk of any and all alleged injuries and damages.

9.  The Plaintiff's injuries were caused by the actions of someone other than answering defendant and any recovery shall be eliminated or reduced accordingly.

10.  Any act, failure to act or misconduct by Answering Defendant did not cause any damages to the Plaintiff.

11.     Answering Defendant hereby gives notice that she intends to rely on other and further defenses that become apparent or become available through discovery and hereby reserve the right to assert additional defenses at a later time.

12.     The causes of action set forth in the Complaint are barred by the equitable doctrines of waiver, estoppel, and unclean hands.

13.     The causes of action set forth in the Complaint are barred by the equitable statute of limitations.

14.     The claims of Plaintiff are barred for failure to properly serve the answering defendant.

15.     The incident which is the subject of this Complaint was caused by parties other than answering Defendant and for whose actions answering Defendant cannot be held responsible.

16.     Answering Defendant incorporates herein by reference and pleads as affirmative defenses, all of the defenses specified in F.R.C.P. 8(c).

17.     Plaintiff's claims are barred pursuant to the doctrine of Contributory Negligence.

18.     Plaintiff's claims are barred pursuant to the doctrine of Comparative Negligence.

19.     Plaintiff's claims are barred pursuant to the doctrine of Assumption of the Risk.

20.     Plaintiff's claims are barred and/or limited by the doctrines of res judicata and/or collateral estoppel.

21.     Plaintiff's claims are barred and/or limited by the doctrine of release.

22.     Plaintiff's claims are barred by the truth.

23.     Plaintiff's conduct was not extreme and outrageous and not intentional or reckless.

24.     Plaintiff did not suffer severe emotional distress.

25.     Answering defendant never induced any person or entity to choose one course of conduct rather than another.

26.     Answering defendant never induced or otherwise intentionally caused a third person not to perform or continue in any contract with Plaintiff.

27.    Plaintiff was never the subject of a defamatory communication.

28.    Answering defendant did not communicate a defamatory statement.

29.    Any alleged statements were not untrue.

30.    Any alleged communication is an expression of opinion.

31.    Answering defendant at not time failed to use ordinary care and diligence in ascertaining facts.

32.    Plaintiff suffered no harm from any communication allegedly made by answering defendant.

33.    Answering defendant had no knowledge that any alleged communication was false, nor, did she ever act in reckless disregard of whether it was true or false.

34.    At the time of any alleged statement made by the answering defendant, Plaintiff already had a poor reputation.

35.    Plaintiff suffered no actual injury as a result of any alleged communication made by the answering defendant.

**WHEREFORE,** Answering Defendant respectfully request this Honorable Court to dismiss the Complaint with prejudice and to enter judgment in her favor and against Plaintiff, with prejudice, together with the costs of defense of this action and such other further relief that this Court deems equitable and just.

## CROSSCLAIM

1.    Answering defendant incorporates by reference the preceding paragraphs as if fully set forth at length herein.

2.    If Plaintiff suffered any injuries or damages as alleged, said damages being specifically and expressly denied, said injuries and damages were caused solely by the acts/omissions of co-

defendants, Haverford College, COACH 1 and/or CAPTAIN A who are solely liable or jointly and/or severally liable to the answering defendant.

3.     The answering defendant hereby asserts that she is not liable to Plaintiff for the claims raised, but in the event that judgment is rendered against her then co-defendants Haverford College, COACH1 and/or CAPTAIN A are or may be liable to the answering defendant for all or part of the claims asserted in the Complaint by virtue of the terms and conditions of any and all documents to or made part of the pleading in this matter.

**WHEREFORE**, answering defendant denies that she liable on Plaintiff's causes of action and aver that co-defendants Haverford College, COACH 1 and/or CAPTAIN A are solely liable to plaintiff and/or jointly and/or severally liable or are liable over to answering defendant on plaintiff's causes of action or are liable over to answering defendant by way of contribution and indemnity.


Respectfully submitted,

**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre
10,000 Lincoln Drive East – Suite 201
Marlton, NJ 08053
PA Atty ID 75548
PHONE   (856) 988-5520
FAX     (856) 504-0140
EMAIL   Kevin@KMSLawGroup.com


Date:   April 21, 2023          By:     ___/s/ Kevin M. Siegel_____
                                        KEVIN M. SIEGEL, ESQUIRE
                                        Attorney for Defendant Student 1

## VERIFICATION

I, Student 1, hereby state that the facts contained in the foregoing Answer and New Matter to Plaintiff's First Amended Complaint are true and correct to the best of my knowledge, information and belief. I am aware and hereby certify that this verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

Date: 4/21/23                By: _____
                                  STUDENT 1

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin M. Siegel, Esquire, hereby certify that I have caused a true and correct copy of

the foregoing Answer of Defendant Student 1 to be served via the court's electronic filing system

to the undersigned who are a registered users of the system and will receive a copy of the filing

directly from the Court:

Patricia M. Hamill, Esquire
Andrew S. Gallinaro, Esquire
Clark Hill
Two Commerce Square, 2001 Market Street
Suite 2620
Philadelphia, PA 19103


Josh W.B. Richards, Esquire
**SAUL EWING LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102



Date:  04/21/2023          By:      /s/ Kevin M. Siegel
                                    KEVIN M. SIEGEL, ESQUIRE