## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | : | **Civil Action No.:  23-299** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HAVERFORD COLLEGE, | : | |
| | : | |
| COACH 1, | : | |
| | : | |
| CAPTAIN A, and | : | |
| | : | |
| STUDENT 1 | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS HAVERFORD COLLEGE AND COACH 1'S
### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Haverford College ("Haverford" or the "College") and Coach 1 (together, the "Haverford Defendants"), by and through their undersigned counsel, hereby answer and submit affirmative defenses to the First Amended Complaint ("Complaint") of Plaintiff John Doe ("Plaintiff"), as follows:

### THE NATURE OF THIS ACTION

1.      Denied.  The averments of this paragraph contain conclusions of law and/or relate to claims dismissed by this Court pursuant to Federal Rule of Civil Procedure 12 (b)(6) and no response is therefore required.  To the extent that the averments are deemed factual or the subject of a live dispute between the parties, they are denied.

2.      Denied.  The averments of this paragraph contain conclusions of law to which no response is required.  To the extent that the averments are deemed factual, they are denied.

3. Admitted in part and denied in part.  It is admitted only that, upon information and belief, Plaintiff has denied engaging in sexual misconduct.  To the extent this paragraph can be read to allege that the Haverford Defendants had any knowledge regarding the truth of the allegations that Plaintiff engaged in sexual misconduct or of his denials thereto, denied.

4. Admitted in part and denied in part.  It is admitted only that Coach 1 was made aware of allegations that Plaintiff had committed sexual assault and, in accordance with College policy, notified the Title IX Office of the allegations.  It is specifically denied that Coach 1 "instructed" Plaintiff to step away from the team. To the contrary, Plaintiff voluntarily resigned from the team on his own accord.  To the extent averments of this paragraph refer to a written document, the contents of said document speak for themselves and any characterization thereof is denied. Except as admitted, denied.

5. Admitted in part and denied in part.  It is admitted only that Coach 1 necessarily discussed the existence of the allegations of sexual misconduct against Plaintiff with members of the coaching staff and with the team members who reported said allegations to Coach 1.  It is specifically denied that Coach 1 discussed or "spread" the contents of those allegations or held those allegations out to be true. Except as admitted, denied.

6. Admitted in part and denied in part.  It is admitted only that the Title IX Office contacted the person identified as having been allegedly sexually assaulted by Plaintiff.  All remaining averments in this paragraph are denied.

7. Admitted in part and denied in part.  It is admitted only that (a) the Title IX Office confirmed to Plaintiff that no Title IX formal complaint had been filed against him and (b) Plaintiff requested to rejoin his former team.  All remaining averments in this paragraph are denied.

8. Denied.

9.      Denied. It is specifically denied that Plaintiff was adjudicated to have perpetrated sexual violence against women and that he was punished by Haverford for any reason. By way of further response, the Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph concerning what unidentified students assumed. As such, the remaining averments of this paragraph are denied.

10.      Admitted in part and denied in part. It is admitted only that Plaintiff and his parents have met and communicated with various Haverford officials concerning Plaintiff's requests to participate in intercollegiate athletics, and that Plaintiff has not been permitted to rejoin his former athletic team.  Any remaining averments in this paragraph are denied.

11.      Denied.

12.      Denied as stated. It is admitted that the quoted passage in this paragraph appears in the College's Sexual Misconduct Policy. The averments of this paragraph otherwise characterize that written document, the contents of which speak for themselves, and such characterizations are therefore denied. Except as admitted, denied.

13.      Denied.

14.      Denied. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

## THE PARTIES AND JURISDICTION

15.      Denied. It is specifically denied that Plaintiff is currently enrolled at Haverford. The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph concerning Plaintiff's citizenship or state of residence. As such, the remaining averments of this paragraph are denied.

16.      Admitted.

17.     Admitted.

18.     Denied. It is specifically denied that Captain A is currently enrolled at Haverford. By way of further response, the Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph concerning Captain A's state of residence. As such, the remaining averments of this paragraph are denied.

19.     Admitted in part and denied in part. It is admitted that Student 1 is a graduate of Haverford. The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph concerning Student 1's state of residence. As such, the remaining averments of this paragraph are denied.

20.     The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

21.     The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

22.     The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

23.     The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

## FACTUAL ALLEGATIONS[1]

24.     Denied. Plaintiff graduated from Haverford with a Bachelor of Arts degree in May 2023.

25.     Admitted in part and denied in part. It is admitted only that Coach 1 is an employee of the College. It is further admitted that Coach 1 exercises authority over the teams for which he

---

[1]To the extent the headings in Plaintiff's Complaint are deemed to be factual averments, their contents are denied.

serves as coach. The remaining allegations in this paragraph either constitute legal conclusions to which no response is required or are incorrect, and are accordingly denied.

26.     Admitted. By way of further response, a significant element of the culture of trust and respect among students at Haverford involves a tradition of confrontation between community members for the purposes of achieving a common understanding. Confrontation of this sort is a deeply-embedded feature of Haverford's culture and educational environment.  For well over a century, the Haverford College Honor Code has defined how students at the College are to engage with each other in terms of peaceful confrontation concerning all aspects of life at Haverford. *See* https://honorcouncil.haverford.edu/the-code/what-is-the-code/. According to the Honor Code, "[u]pon encountering actions, values, or words" that a student finds to be inconsistent with the Honor Code, students are encouraged to "initiate dialogue with the goal of repairing the damage that these actions, values, or words may have caused while also encouraging the restoration of our community values." *See* https://honorcouncil.haverford.edu/the-code/. In response, a confronted student is expected to "actively listen[] to acknowledge and understand the harm experienced by the confronting party in order to facilitate the restorative process." *Id.*

27.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph.  As such, the averments of this paragraph are denied.

28.     Admitted in part and denied in part. It is admitted that various members of Plaintiff's family have attended Haverford. The Haverford Defendants lack sufficient information to determine the truth or falsity of the remaining averments of this paragraph.  As such, the remaining averments of this paragraph are denied.

29.     Admitted in part and denied in part. It is admitted only that Plaintiff reached out to Coach 1 in September 2018 and that Plaintiff and Coach 1 first met when Plaintiff arrived at the

College in September 2019.  The Haverford Defendants lack sufficient information to determine the truth or falsity of the remaining averments of this paragraph.  As such, the remaining averments of this paragraph are denied.

30.     Admitted in part and denied in part. It is admitted only that Plaintiff participated as a varsity athlete during his first semester at the College (fall 2019), was selected by the coaching staff as a co-captain in the 2021 fall semester, and that Plaintiff was named to the Centennial Conference Academic Honor Roll.  By way of further response, Plaintiff did not participate in varsity athletics at the College from March 2020 through the 2021 spring semester, due in part to the cessation of College athletics due to the COVID-19 pandemic as well as Plaintiff's decision to reside off-campus and complete his academic coursework remotely during the 2020-2021 academic year. All remaining averments in this paragraph are denied.

31.     Admitted in part and denied in part. It is admitted only that Coach 1 granted Plaintiff a position on his team's roster in the fall of 2019, and that Plaintiff had no disciplinary issues at the College prior to the incidents described in the Complaint. The Haverford Defendants lack sufficient information to determine the truth or falsity of the remaining averments of this paragraph as to the contours of Plaintiff's relationships with each of his individual coaches and teammates. As such, any remaining averments of this paragraph are denied.

32.     Denied. The ability to participate in intercollegiate athletics at Haverford is a privilege, not a right. By way of further response, the Haverford Defendants lack sufficient information to determine the truth or falsity of the remaining averments of this paragraph. As such, any remaining averments of this paragraph are denied.

33.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

**The Haverford Strike**

34.     Admitted in part and denied in part.  It is only admitted that Captain A was involved in the "Haverford Strike," which was publicly reported to have taken place in the fall of 2020. The remaining averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied. Except as admitted, denied.

35.     Denied as stated. It is admitted only that there were members of the Haverford community who held differing views concerning the "Haverford Strike." All remaining averments of this paragraph are denied.

36.     Denied as stated. It is admitted only that there were members of the Haverford community who held differing views concerning the "Haverford Strike." All remaining averments of this paragraph are denied.

37.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied. To the extent averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

38.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

39.     Denied.

40.     Admitted in part and denied in part. It is admitted only that on April 12, 2021, College officials discovered an individual sleeping in a campus trailer designated for COVID-19 quarantine and alerted local police in response. The Haverford Defendants lack sufficient information to determine the truth or falsity of the remaining averments of this paragraph. As such, the remaining averments of this paragraph are denied.

41.     Denied.

**The False Rumor About John**

42.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

43.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

44.     Denied. The averments of this paragraph relate to claims in this case that have been dismissed and as such, no response is required. To the extent a response is required, denied.

**Haverford's Improper Removal Of John From The Team Based On The False Rumor**

45.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

46.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

47.     Admitted in part and denied in part. It is admitted only, upon information and belief, that on or about February 3, 2022, several of Plaintiff's teammates confronted him regarding concerns they had concerning Plaintiff, including allegations that Plaintiff had committed sexual assault. The Haverford Defendants lack sufficient information to determine the truth or falsity of the remaining averments of this paragraph. As such, the remaining averments of this paragraph are denied.

48.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

49.     Admitted in part and denied in part. It is admitted that Plaintiff reached out to Coach 1. The Haverford Defendants lack sufficient information to determine the truth or falsity of the

averment that Plaintiff did not respond to the co-captains' email. As such, the remaining averments of this paragraph are denied.

50.    Admitted in part and denied in part. It is admitted that Plaintiff met with Coach 1 on February 4, at which point several of Plaintiff's teammates had already notified Coach 1 of their concerns regarding Plaintiff, including allegations that Plaintiff had committed sexual assault. It is also admitted that Coach 1, a mandatory Title IX reporter, was required to report allegations of sexual misconduct to the College's Title IX Office, and that Coach 1 informed Plaintiff of his intention to do so. Any remaining averments are denied.

51.    Denied.

52.    Denied. It is specifically denied that Coach 1 instructed Plaintiff to step away from the team. The remaining averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

53.    The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

**Haverford's Improper Denial Of John's Reinstatement To The Team**

54.    Admitted in part and denied in part. It is admitted only that Plaintiff affirmatively contacted the Title IX Office on or about February 13, 2022. The Haverford Defendants lack sufficient information to determine the truth or falsity of the remaining averments of this paragraph. As such, the remaining averments of this paragraph are denied.

55.    Admitted in part and denied in part. It is admitted only that Plaintiff met with the Title IX Coordinator on or about February 16, 2022, at which time the Title IX Coordinator confirmed to Plaintiff that she had received notice of the allegation of sexual assault against him,

and that no formal complaint had been filed against Plaintiff as of the date of that meeting. All remaining averments of this paragraph are denied.

56.     Admitted in part and denied in part. It is admitted only the Title IX Coordinator confirmed to Plaintiff that no formal complaint had been filed against him as of the date of their meeting. Any remaining averments of this paragraph are denied.

57.     Admitted in part and denied in part. It is admitted only the Title IX Coordinator confirmed to Plaintiff that no formal complaint had been filed against him as of the date of their meeting. Any remaining averments of this paragraph are denied.

58.     Admitted.

59.     Admitted in part and denied in part. It is admitted only that Coach 1 did not agree to reinstate Plaintiff to the team roster at their February 16, 2022 meeting, and that Plaintiff's teammates continued to be opposed to his reinstatement at that time. It is specifically denied that Coach 1 had any independent knowledge of the truth or falsity of the allegations against Plaintiff. Any remaining averments of this paragraph are denied.

60.     Admitted in part and denied in part. It is admitted that Coach 1, as with all varsity head coaches at the College, has broad discretion in determining the individuals who make up his team's active roster. It is specifically denied that any sanction for sexual misconduct was imposed upon Plaintiff by anyone at the College. By way of further response, the averments of this paragraph refer to the College's policies, which are written documents, the contents of which speak for themselves and any characterization thereof is denied.

61.     Admitted in part and denied in part. It is admitted only that Plaintiff sent an email to Coach 1 and the co-captains on or about March 14, 2022. That email is a written document, the contents of which speak for themselves and any characterization thereof is denied. The Haverford

10

Defendants lack sufficient information to determine the truth or falsity of the averments concerning Plaintiff's reasons for sending the email. All remaining averments are therefore denied.

62.    Admitted.

63.    Admitted in part and denied in part. It is admitted only that Coach 1 necessarily discussed the *existence* of sexual assault allegations against Plaintiff with the captains of the team, the same individuals who had disclosed such allegations to Coach 1 in the first instance. By way of further response, the team co-captains informed Coach 1 that they remained uncomfortable with Plaintiff's reinstatement for a variety of reasons, both related and unrelated to the specific allegation of sexual assault. All remaining averments of this paragraph are denied.

64.    Admitted.

65.    The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

66.    Denied.

67.    Admitted in part and denied in part. It is admitted only that Coach 1 and Plaintiff agreed to meet for a training session. Any remining averments are denied.

68.    Admitted in part and denied in part. It is admitted only that Coach 1 informed Plaintiff that his teammates remained uncomfortable with Plaintiff's reinstatement for a variety of reasons. It is specifically denied that Coach 1 discussed the allegations of sexual assault against Plaintiff with any individuals aside from members of the coaching staff or the specific individuals who had initially notified Coach 1 of the allegations. Any remaining averments in this paragraph are denied.

69.    Admitted in part and denied in part. It is admitted that the March 22, 2022 meeting occurred with the above listed participants. It is denied that Coach 1 scheduled the March 22, 2022 meeting.

70.    Admitted in part and denied in part. It is admitted only that the Title IX Coordinator confirmed that no formal complaint or ongoing investigation existed against Plaintiff under the College's Sexual Misconduct Policy. Any remaining averments are denied.

71.    Admitted in part and denied in part. It is admitted that Captain A stated at the March 22, 2022 meeting that he remained uncomfortable with the possibility of Plaintiff's reinstatement based on various concerns related to Plaintiff, including concerns about Plaintiff's inappropriate behavior towards women unrelated to the specific allegation of sexual assault. It is also admitted that Captain A raised concerns about College policies and processes, including the Title IX Office. Any remaining averments are denied.

72.    Admitted in part and denied in part. It is admitted only that Captain A read aloud a text message concerning the allegations against Plaintiff at the March 22, 2022 meeting. The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph concerning the origins of the purported text message or the full and accurate contents thereof. As such, all remaining averments of this paragraph are denied.

73.    Denied.

74.    Admitted in part and denied in part. It is admitted only that Plaintiff's former teammates present at the March 22, 2022 meeting raised a variety of concerns they had regarding Plaintiff unrelated to the allegation of sexual assault, including but not limited to Plaintiff's offensive behavior toward women, which they considered to be a distraction to the team and made them uncomfortable with Plaintiff's reinstatement. Except as admitted, denied.

75.   Denied.

76.   Denied as stated. Out of concern for Plaintiff's wellbeing and recognizing that Plaintiff was facing a stressful scenario, Coach 1 encouraged Plaintiff to seek counseling and support. By way of further response, Coach 1 upheld his decision to deny Plaintiff's request to rejoin the team.

77.   Denied.

78.   Admitted in part and denied in part. It is admitted only that, out of concern for Plaintiff's wellbeing, the Associate Dean checked in with Plaintiff and asked Plaintiff's Advising Dean to do the same. Any remining averments are denied.

**The Fallout From Haverford's Improper Decisions**

79.   Denied.

80.   The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

81.   Admitted in part and denied in part. It is admitted only that, upon Plaintiff's resignation from the team, his name was removed from the team roster, which accurately reflected the team's membership. Any remaining averments are denied.

82.   Denied.

83.   The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

84.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

85.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

86.     Admitted in part and denied in part. It is admitted only that on or about March 25, 2022, Plaintiff conferred with the Dean of the College concerning, among other things, Coach 1's March 23 e-mail. It is specifically denied that the Dean of the College took any position on the propriety of Coach 1's conduct. All remaining averments are denied.

87.     Admitted in part and denied in part. It is admitted only that on or about March 25, 2022, Plaintiff conferred with the his Advising Dean concerning, among other things, Coach 1's March 23 e-mail. It is specifically denied that the Plaintiff's Advising Dean, the Athletic Director, or the Dean of the College took any position on the propriety of Coach 1's conduct. It is also specifically denied that Coach 1 imposed a sanction against Plaintiff. All remaining averments are denied.

88.     The averments of this paragraph relate to claims asserted against defendants other than the Haverford Defendants or claims that have been dismissed with regard to the Haverford Defendants and as such, no response is required. To the extent a response is required, denied.

**Haverford's Refusal To Reconsider Its Improper Decisions And Failure To Address The Campaign Of Harassment**

89.     Admitted in part and denied in part. It is admitted only that Plaintiff met with his Advising Dean frequently throughout the Spring 2022 semester and that, as a part of the support offered to Plaintiff by the College, Plaintiff's Advising Dean listened to Plaintiff's concerns and provided validation to Plaintiff as a Haverford community member who was experiencing a stressful situation. It is specifically denied, to the extent implied, that Plaintiff's Advising Dean took any position on Plaintiff's claims of "gender-based harassment," alleged "unfairness of the process to which [Plaintiff] had been subjected" or the existence of a "generally toxic social climate on campus." All remaining averments are denied.

90.     The averments of this paragraph relate to claims asserted against defendants other than the Haverford Defendants or claims that have been dismissed with regard to the Haverford Defendants and as such, no response is required. To the extent a response is required, denied.  By way of further response, the averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

91.     The averments of this paragraph relate to claims asserted against defendants other than the Haverford Defendants or claims that have been dismissed with regard to the Haverford Defendants and as such, no response is required. To the extent a response is required, denied. By way of further response, the averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

92.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

93.     Admitted in part and denied in part. It is admitted only that Plaintiff's Advising Dean did not convene a disciplinary panel. It is specifically denied that the College "ignored" or provided no tangible support to Plaintiff. Any remaining averments are denied.

94.     Admitted in part and denied in part. It is admitted only that Plaintiff's Advising Dean and the Dean of the College participated in a telephone call with Plaintiff's mother on April 15, 2022, during which both deans acknowledged and validated the existence of Plaintiff's mother's concerns. It is specifically denied that either dean took any position with regard to Plaintiff's claims. Any remaining averments are denied.

95.     Denied.

96.     Admitted in part and denied in part. It is admitted only that the deans disclosed to Plaintiff's mother that no formal complaint existed against Plaintiff. Any remaining averments are denied.

97.     Denied. The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph concerning Plaintiff's knowledge of the identity of the purported victim or the extent of Plaintiff's contact with that individual. As such, those averments are denied. It is specifically denied that the purported victim advised Haverford that she had no basis to file a complaint against Plaintiff or that she never had sexual contact with Plaintiff.

98.     Denied.

99.     Admitted in part and denied in part. It is admitted that the Title IX Coordinator spoke with Captain A and another student who had raised concerns that Plaintiff engaged in sexual assault, and clarified to those individuals the purpose and processes of the Title IX Office. It is also admitted that the Title IX Coordinator confirmed that no formal complaint existed against Plaintiff. Any remaining averments are denied.

100.     Admitted in part and denied in part. It is admitted that Plaintiff met with the Dean of the College and the Athletic Director on May 5, 2022. Any remaining averments are denied.

101.     Admitted in part and denied in part. It is admitted that the Dean of the College and the Athletic Director deferred to Coach 1's decision with regard to the composition of his team's roster. The Dean of the College restated Coach 1's position that Plaintiff's presence on the team would be too disruptive to the team, based not on any allegations against Plaintiff but instead based on Plaintiff's interactions with his former teammates and coaching staff and the fact that prior attempts at exploring the potential for reinstatement had not been successful. The Athletic Director

further stated to Plaintiff that neither she nor any College official could force another student to welcome Plaintiff's participation on any athletic team. Except as so admitted, denied.

102.   The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

103.   The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

**Haverford's Continued Failure To Address The Campaign Of Harassment In The Fall 2022 Semester**

104.   The averments of this paragraph relate to claims asserted against defendants other than the Haverford Defendants or claims that have been dismissed with regard to the Haverford Defendants and as such, no response is required. To the extent a response is required, denied.

105.   The averments of this paragraph relate to claims asserted against defendants other than the Haverford Defendants or claims that have been dismissed with regard to the Haverford Defendants and as such, no response is required. To the extent a response is required, denied.

106.   The averments of this paragraph relate to claims asserted against defendants other than the Haverford Defendants or claims that have been dismissed with regard to the Haverford Defendants and as such, no response is required. To the extent a response is required, denied.

107.   The averments of this paragraph relate to claims asserted against defendants other than the Haverford Defendants or claims that have been dismissed with regard to the Haverford Defendants and as such, no response is required. To the extent a response is required, denied.

108.   The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

**Haverford's Sham Plan To Reintegrate John Onto The Team**

109.   Denied.

110.     Admitted in part and denied in part. It is admitted that prior to the start of the 2022 fall semester, Plaintiff's parents and counsel contacted Haverford to request Plaintiff's reinstatement to the athletic team. Any remaining averments of this paragraph are denied.

111.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

112.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

113.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

114.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

115.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

116.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

117.     Denied.

118.     Denied.

119.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied

120.     The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

121.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments concerning Plaintiff's misgivings or reasons for agreeing to attend the

meetings with Coach 1 and the co-captains, and such averments are therefore denied. The remaining averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

122.    Admitted. By way of further response, at the time of the October 24, 2022 meeting, Plaintiff's support person was no longer assigned as Plaintiff's Advising Dean. She nonetheless agreed, at Plaintiff's explicit request, to serve as his support person based on her knowledge of the circumstances and history of providing support to Plaintiff.

123.    Admitted in part and denied in part. It is admitted only that Coach 1's decision concerning Plaintiff's requests to rejoin the team were not based on allegations of sexual assault against Plaintiff. Any remaining averments are denied.

124.    Admitted in part and denied in part. It is admitted that Coach 1 confirmed to Plaintiff that his former teammates remained vehemently opposed to Plaintiff's participation on the team for a variety of reasons independent of the allegations of sexual assault against Plaintiff. Any remaining averments are denied.

125.    Admitted in part and denied in part. It is admitted that Coach 1 confirmed to Plaintiff that his former teammates remained vehemently opposed to Plaintiff's participation on the team for a variety of reasons independent of the allegations of sexual assault against Plaintiff. Consistent with Haverford's tradition of confrontation between community members, Coach 1 repeated to Plaintiff that Coach 1 could not himself address any such concerns or repair Plaintiff's relationships with his former teammates, but that Plaintiff would have to address those concerns directly. Any remaining averments are denied

126.    Admitted in part and denied in part. It is admitted only that Coach 1 declined to reconvene the discussion and encouraged Plaintiff, through the dean facilitator, to address his former teammates' concerns directly with them. Any remaining averments are denied.

127.    Admitted in part and denied in part. It is admitted only that December 2, 2022 was identified as a mutually available date for all meeting participants. Any remaining averments in this paragraph are denied.

128.    Denied as stated. It is specifically denied that the amendment of Haverford's Student-Athlete Handbook was done "surreptitiously," "secretly," or was prompted or motivated by the events alleged in this Complaint concerning Plaintiff. By way of further response, it is the College's typical and current practice to continuously review and update its policies, including to reflect generally understood norms of life at the College.

129.    Admitted. By way of further response, the quoted "Roster Management" policy reflects a commonly understood rule in team sports, both at the collegiate level and otherwise, that coaches have broad discretion to determine the makeup of their team roster. This policy, while not in its written form, was previously a broadly understood aspect of athletics at the College and was verbally communicated to student-athletes at the beginning of each semester among other occasions.

130.    Denied. By way of further response, the averments of this paragraph concerning the contents of the Student-Athlete Handbook refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

131.    Admitted in part and denied in part. It is admitted that not all captains chose to participate in the December 2, 2022 meeting, which was one of many between Plaintiff and his former teammates. It is also admitted that the facilitator whom Haverford provided for the meeting

was the same facilitator provided for the prior meeting between Coach 1 and Plaintiff. It is specifically denied that Haverford did not allow Plaintiff to meet with his former teammates at any time prior to December 2, 2022. Any remaining averments are denied.

132.   The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments concerning Plaintiff's internal concerns or reasons for sending the referenced email, and such averments are therefore denied. The remaining averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

133.   The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments concerning Plaintiff's internal concerns or reasons for sending the referenced email, and such averments are therefore denied. The remaining averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

134.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

135.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

136.   Denied.

137.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

138.   Admitted.

139.   Admitted. By way of further response, at the time of the December 2, 2022 meeting, Plaintiff's support person was no longer assigned as Plaintiff's Advising Dean. She nonetheless

agreed, at Plaintiff's request, to serve as his support person based on her knowledge of the circumstances and history of providing support to Plaintiff.

140.    Admitted in part and denied in part. It is admitted only that the captains confirmed their long-held position that they and their teammates were uncomfortable with Plaintiff's participation on the team for a variety of reasons, including reasons unrelated to the specific allegation of sexual assault against Plaintiff. The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph concerning the extent of the new co-captain's knowledge of the allegations against Plaintiff. As such, the remaining averments of this paragraph are denied.

141.    Admitted in part and denied in part. It is admitted only that the captains confirmed their long-held position that they and their teammates were uncomfortable with Plaintiff's participation on the team for a variety of reasons, including reasons unrelated to the specific allegation of sexual assault. Any remaining averments are denied.

142.    Admitted in part and denied in part. It is admitted that in the meeting, Plaintiff denied that the rumors of sexual assault against him were true and should not form a basis for his exclusion from the team.  Except  as admitted, denied.

143.    It is admitted that Plaintiff sent the email referenced in this paragraph, which is a written document, the contents of which speak for themselves and any characterization thereof is denied.

144.    It is admitted that Coach 1 did not respond directly to the referenced email. The remaining averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

145.    Admitted.

146.     Admitted in part and denied in part. It is admitted that the Athletic Director confirmed that Coach 1 had discretion to manage the makeup of his team's roster, and that Coach 1's decision concerning Plaintiff's roster status would not be overturned. Any remaining averments are denied.

147.     Denied.

148.     Denied. It is specifically denied that Coach 1 spread lies at any time concerning Plaintiff. Any remaining averments are denied.

149.     Admitted in part and denied in part. It is admitted that the Dean of the College met with Plaintiff's parents on January 6, 2023 and that the Dean confirmed to Plaintiff's parents that Coach 1's decision regarding Plaintiff's roster status would not be overturned. Any remaining averments are denied.

150.     Admitted in part and denied in part. It is admitted that the Dean of the College confirmed to Plaintiff's parents that Plaintiff's requests to rejoin the team had been denied because Plaintiff's relationships with his former teammates had devolved to a point that Plaintiff's participation on the team would become a distraction and would be detrimental to the team's performance. The Dean of the College also confirmed that Coach 1 had broad discretion to control the makeup of his team's roster. Any remaining averments are denied.

**Haverford Has Inflicted And Continues To Inflict Harm On John**

151.     Admitted in part and denied in part. It is admitted that Plaintiff has not participated in Haverford athletics since February 2022. Any remaining averments are denied.

152.     Denied.

153.     Denied.

154.     Denied.

23

155.    Denied. By way of further response, the Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph concerning Plaintiff's psychological counseling, and such averments are denied.

## COUNT I
### Breach of Contract
### Against Haverford College

156.    All preceding paragraphs are incorporated by reference.

157.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

158.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

159.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

160.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

161.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

162.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

163.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

164.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

165.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

166.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

167.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

168.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

169.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

170.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

171.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

172.   The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

173.   Denied. It is specifically denied that Haverford removed Plaintiff from a varsity athletics program. To the contrary, Plaintiff voluntarily resigned from the team in February 2022.

174.   Denied.  The averments of this paragraph contain conclusions of law to which no response is required.  To the extent that the averments are deemed factual, they are denied.

175.   Admitted in part and denied in part. It is admitted only that the Title IX Coordinator contacted the purported victim who responded that she did not want to pursue a formal complaint

against Plaintiff. It is specifically denied that the purported victim confirmed that she was not assaulted by Plaintiff.

176.    Admitted in part and denied in part. It is admitted only that the Title IX Coordinator determined that no formal complaint existed against Plaintiff and declined to bring a formal complaint against Plaintiff on behalf of the Title IX Office based on the information available to the Title IX Coordinator at the time. Any remaining averments are denied.

177.    Admitted.

178.    Admitted.

179.    The averments of this paragraph contain conclusions of law to which no response is required.  To the extent that the averments are deemed factual, they are denied.

180.    Denied.  The averments of this paragraph contain conclusions of law to which no response is required.  To the extent that the averments are deemed factual, they are denied.

181.    Denied.  The averments of this paragraph contain conclusions of law to which no response is required.  To the extent that the averments are deemed factual, they are denied.

182.    Denied.

## COUNT II
### Violation of Title IX Deliberate Indifference to Sex/Gender Discrimination 20 U.S.C. §§ 1681, et seq.
### Against Haverford College

183.    All preceding paragraphs are incorporated by reference.

184-201.    The averments of this paragraph relate to claims in this case that have been dismissed by this Court pursuant to Federal Rule of Civil Procedure 12 (b)(6) and no response is therefore required. To the extent a response is required, denied.

## COUNT III
### False Light - Defamation
### Against Haverford College and Coach 1

202.     All preceding paragraphs are incorporated by reference.

203-209.     The averments of this paragraph relate to claims in this case that have been dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) and no response is therefore required. To the extent a response is required, denied

**COUNT IV**
**Intentional Infliction of Emotional Distress**
**Against All Defendants**

210.     All preceding paragraphs are incorporated by reference.

211-216.     The averments of this paragraph relate to claims in this case that have been dismissed by this Court as to the Haverford Defendants pursuant to Federal Rule of Civil Procedure 12 (b)(6) and no response is therefore required. To the extent a response is required, denied.

**COUNT V**
**Defamation**
**Against Coach 1, Captain A, and Student 1**

217.     All preceding paragraphs are incorporated by reference.

218.     Admitted upon information and belief.

219.     The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph.  As such, the averments of this paragraph are denied.

220.     Denied. It is specifically denied that Coach 1 communicated to anyone that Plaintiff committed sexual assault, or that Coach 1 had any independent knowledge of the truth or falsity of the allegation that Plaintiff had committed sexual assault. By way of further response, the Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph with regard to Captain A and Student 1.  As such, the averments of this paragraph are denied.

221.    The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph.  As such, the averments of this paragraph are denied.

222.    The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

223.    Admitted in part and denied in part.  It is admitted only that Coach 1 necessarily discussed the existence of the allegations of sexual misconduct against Plaintiff with members of the coaching staff and team members who had initially reported said allegations to Coach 1. It is specifically denied that Coach 1 broadly discussed the allegations against Plaintiff with his team. By way of further response, out of concern for Plaintiff's wellbeing and recognizing that Plaintiff was faced with a stressful scenario, Coach 1 encouraged Plaintiff to seek counseling and support. Any remaining averments are denied.

224.    Denied.  The averments of this paragraph contain conclusions of law to which no response is required.  To the extent that the averments are deemed factual, they are denied.

225.    The averments of this paragraph contain conclusions of law to which no response is required.  To the extent that the averments are deemed factual, they are denied.

226.    The Haverford Defendants lack sufficient information to determine the truth or falsity of the averments of this paragraph. As such, the averments of this paragraph are denied.

## COUNT VI
### Tortious Interference with Contract
### Against Captain A and Student 1

227.    All preceding paragraphs are incorporated by reference.

228-235.      The averments of this paragraph relate to claims asserted against defendants other than the Haverford Defendants and as such, no response is required. To the extent a response is required, denied.

28

**WHEREFORE** the Haverford Defendants demand judgment in their favor, along with any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      No act or omission on the part of the Haverford Defendants was the legal cause of, or a substantial contributing factor to, Plaintiff's alleged injuries or damages.

3.      The Haverford Defendants are not responsible for intentional torts committed by others.

4.      Plaintiff has failed to mitigate damages, if any.

5.      Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, or unclean hands.

6.      Plaintiff's recovery in this action may be barred, in whole or in part, by his own wrongful conduct, or that of a third party over whom the Haverford Defendants had no control.

7.      The Haverford Defendants acted in accordance with all applicable laws, practices, standards, and regulations.

8.      Plaintiff's Complaint should be dismissed because the Haverford Defendants did not breach any duties owed to Plaintiff.

9.      Coach 1 did not communicate any defamatory statements.

10.     Any allegedly defamatory statements made by Coach 1 were true, constituted an expression or opinion, and/or were privileged.

11.     Coach 1 had no knowledge that any alleged statement was false, nor did he ever act in reckless disregard of whether such statements were true or false.

12.     Any alleged statements by Coach 1 were incapable of impacting Plaintiff's reputation.

13.     The Haverford Defendants hereby give notice that they intend to rely upon other such defenses as may become available or appear during discovery proceedings in this case, and reserve the right to amend this Answer and insert any such defense consistent with the Federal Rules of Civil Procedure.

**WHEREFORE** the Haverford Defendants demand judgment in their favor, along with any other relief this Court deems just and proper.

Respectfully submitted,

**SAUL EWING LLP**

Date: September 5, 2023                  s/ *Joshua W. B. Richards*
                                                    Joshua W. B. Richards/204315
                                                    Levi R. Schy/329199
                                                    Centre Square West
                                                    1500 Market Street, 38th Floor
                                                    Philadelphia, PA  19102
                                                    (215) 972-7737 (Richards)
                                                    (215) 972-7803 (Schy)
                                                    Joshua.Richards@saul.com
                                                    Levi.Schy@saul.com
                                                    *Attorneys for Haverford Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua W. B. Richards, certify that on this date I filed via the ECF system a true and correct copy of the foregoing Haverford Defendants' Answer to Plaintiff's First Amended Complaint, which constitutes valid service on the following registered users:

Patricia M. Hamill, Esquire
Clark Hill
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
phamill@clarkhill.com

*Attorney for Plaintiff John Doe*

Jonathan Z. Cohen, Esquire
Clark Hill
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
jcohen@clarkhill.com

*Attorney for Plaintiff John Doe*

Kevin M. Siegel, Esquire
One Greentree Centre
10000 Lincoln Drive East
Marlton, NJ 08053
kevin@kmslawgroup.com

*Attorney for Student 1*

Joseph McCool, Esquire
1735 Market Street, 19th Floor
Philadelphia, PA 19103
jmccool@mmwr.com

*Attorney for Captain A*

Date: September 5, 2023

s/ *Joshua W. B. Richards*
Joshua W. B. Richards/204315
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7737
Joshua.Richards@saul.com

*Attorney for Haverford Defendants*