IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOHN DOE,            )<br>                      )<br>      Plaintiff,   )<br>                      )<br>vs.                   )<br>                      )<br>HAVERFORD COLLEGE et al.  )<br>                      )<br>      Defendants.  )<br>                      ) | Civil Action No.: 23-cv-00299-GAM |

## **DEFENDANT HAVERFORD COLLEGE'S JOINT MOTION FOR EXPEDITED RELIEF FOR ADDITIONAL TIME TO DEPOSE PLAINTIFF**

Defendant Haverford College ("Haverford" or the "College") respectfully moves this Court for an expedited order extending the time for Plaintiff's deposition to fourteen hours. All Defendants in this civil action join in requesting the relief sought in this motion. Because of the time-sensitive nature of this request in light of Plaintiff's upcoming deposition, Haverford requests that the Court either (a) set a conference to rule on this issue as soon as practicable; or (b) order that any opposition to this Motion be filed within seven days, and that any reply be filed no more than three days following the opposition so this issue is ripe for decision by February 5.

The College submits the following in support of this Motion.

### **RELEVANT BACKGROUND AND ARGUMENT**

Plaintiff's First Amended Complaint asserts distinct claims against four separate Defendants. (ECF No. 26, First Am. Compl.). Plaintiff asserts that: (1) Haverford breached its contract with him by excluding him from participation on one of the College's varsity athletic teams, allegedly based on allegations that Plaintiff sexually assaulted another student (Count I); (2) Coach 1 defamed Plaintiff when he allegedly discussed the existence of the allegations with Plaintiff's former teammates and coaching staff. (Count V); (3) Captain A defamed Plaintiff by

discussing the allegations in different and additional meetings with Plaintiff's "classmates, teammates, coaches, and several administrators," (Count V); and (4) Student 1 defamed Plaintiff by accusing Plaintiff of sexual assault in yet another separate social media post. (Count V). Plaintiff also asserts intentional infliction of emotional distress (Count IV) and tortious interference of contract (Count VI) claims against Captain A and Student 1.[1]

On November 10, 2023, the parties jointly submitted their Report of Rule 26(f) Meeting in which each defendant advised that they would seek to depose Plaintiff. (ECF No. 56, Report of Rule 26(f) Meeting at 9). The defendants further noted an anticipated need to extend the time for Plaintiff's deposition beyond the seven-hour time limit set forth in Fed. R. Civ. P. 30(d)(1) in light of the unique nature of Plaintiff's claims against multiple defendants "all of which arise from related but independent circumstances." (*Id*. at 10-11). On November 16, 2023, the Court held a Rule 16 conference with counsel for all parties in this case and the formal discovery period commenced thereafter with a deadline for factual discovery to be completed by May 13, 2024. (ECF No. 58, Scheduling Order).

After preliminary communications among counsel in which counsel for Plaintiff did not agree to produce him for deposition, on January 8, 2024, Captain A served a notice to take Plaintiff's deposition on January 22, 2024. (Ex. A, January 8 Deposition Notice). Plaintiff's counsel responded via email on January 14, 2024 and advised that Plaintiff would not appear for the deposition as noticed by Captain A, erroneously asserting that "any deposition of Plaintiff at this preliminary stage of discovery would be improper." (Ex. B, Email Correspondence, January 14 Email). Counsel for Captain A responded on January 16, 2024 and offered to reschedule the

---

[1] The claims referenced herein include those that remain in the case at this time. On August 7, 2023, the Court granted in part the Haverford Defendants' Motion to Dismiss and dismissed Plaintiff's Title IX (Count II), false light (Count III), and intentional infliction of emotional distress (Count IV) claims asserted against the Haverford Defendants, with prejudice. (*See* ECF No. 47).

2

deposition for a date in mid-February to resolve the dispute. (*Id.*, January 16 Email). On January 19, 2024, counsel for Captain A advised Plaintiff's counsel that all defendants intended to participate in Plaintiff's deposition and thus proposed extending the duration of Plaintiff's deposition (as the parties had contemplated during the 26(f) meeting and reflected in the report thereof) to fourteen hours to allow sufficient time for each defendant to depose Plaintiff. (*Id.*, January 19 Email). On January 22, 2024, Plaintiff's counsel advised via email that Plaintiff would not consent to a fourteen-hour deposition and offered to produce Plaintiff for deposition not to exceed eight-and-a-half hours, to be completed in a single day, and further requested that "Defendants' counsel wait until later in the discovery period to take Plaintiff's deposition." (*Id.*, January 22 Email). Earlier in the day on the date of this Motion, Captain A's counsel served an amended notice to take Plaintiff's deposition on February 13, 2024. (Ex. C, January 23 Deposition Notice).

      Counsel for the parties have corresponded in writing and conferred telephonically on this matter several times since the formal discovery period began on November 16, 2023. Plaintiff's counsel has made clear that Plaintiff will not agree to extend his deposition for a long enough duration to sufficiently allow for each defendant to question him, thus requiring this Motion. Counsel for Plaintiff have not yet provided an unequivocal statement that they will produce Plaintiff for deposition, but as of the date of this motion, it appears to be the case that Plaintiff will appear for deposition during the week of February 12 and any dispute about *whether* Plaintiff will appear seems to have been resolved. However, the question of for how long Plaintiff will appear remains the subject of dispute, and counsel for the parties have been unable to resolve that issue after reasonable efforts.

Haverford respectfully requests consideration of this Motion on an expedited basis in light Captain A's intent to depose Plaintiff in mid-February.

**<u>An Extension of Time for Plaintiff's Deposition is Warranted</u>**

The Federal Rules set a general limit for depositions at seven hours. Fed. R. Civ. P. 30(d)(1). However, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* Courts have broad discretion in resolving discovery disputes. *Servis One, Inc. v. OKS Grp., LLC*, No. CV 20-4661, 2022 WL 1399087, at *3 (E.D. Pa. May 4, 2022) (quoting *Conway v. State Farm Fire & Cas. Co.*, No. 98-cv-0832, 1998 WL 961365, at *1 (E.D. Pa. 1998); *see also Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The Court should exercise that discretion here to order that Plaintiff may be deposed for up to fourteen hours to allow for each defendant against whom Plaintiff has asserted varied claims to question Plaintiff on topics relevant to those claims and the defenses thereto.

This Court's decision in *Servis One, Inc. v. OKS Grp. Int'l Pvt. Ltd.*, No. 20-CV-4661, 2022 WL 605439 (E.D. Pa. Feb. 28, 2022), is instructive here. In *Servis One*, the defendants sought to increase the duration of a non-party witness's deposition beyond the seven-hour allotment. (*Id.* at *1-2). The court granted the defendants' request, relying on the Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment stating, "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest." (*Id.* at *5). The court determined that, while not a multi-party case, the same logic applied to a non-party witness whose testimony is sought by multiple parties because "the need for each party to examine the witness" was present. (*Id.*). The court noted that the need

4

for multiple parties to depose a witness, like all discovery issues, should be weighed against the requirement of Rule 26(b)(1) that the discovery sought is relevant and proportional to the needs of the case:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id*. at *3 (quoting Fed. R. Civ. P. 26(b)(1)).

Here, Plaintiff has asserted a variety of different claims, based on unique factual allegations and circumstances, against four different parties. In the ordinary course, any individual party-defendant would have seven hours to depose a plaintiff; here, Defendants are effectively asking for an upper limit of half that period of time in the event it is needed, which is reasonable.

## **CONCLUSION**

For the reasons set forth herein, the College, and all other defendants, request that the Court enter an order extending the time for Plaintiff's deposition to fourteen hours to be divided among all Defendants.[2]

---

[2] Nothing in this Motion should be construed as a waiver of Haverford's right to request additional time to depose Plaintiff at a later date pursuant to Fed. R. Civ. P. 30(d)(1) in the event that "the deponent, another person, or any other circumstance impedes or delays the examination."

                                                    Respectfully submitted,

                                                    **SAUL EWING LLP**

Date: January 23, 2024                  s/ *Joshua W. B. Richards*
                                                    Joshua W. B. Richards/204315
                                                    Levi R. Schy/329199
                                                    Centre Square West
                                                    1500 Market Street, 38th Floor
                                                    Philadelphia, PA  19102
                                                    (215) 972-7737 (Richards)
                                                    (215) 972-7803 (Schy)
                                                    Joshua.Richards@saul.com
                                                    Levi.Schy@saul.com
                                                    *Attorneys for Haverford College*