UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE | : |
| Plaintiff, | : |
| v. | : |
| HAVERFORD COLLEGE, | : **Civil Action No. 2:23-00299-GAM** |
| COACH 1, | : |
| CAPTAIN A, and | : |
| STUDENT 1 | : |
| Defendants. | : |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

GERALD A. McHUGH, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order (the "Protective Order" or "Order") pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court governing disclosure and discovery to protect the confidentiality of nonpublic and sensitive information that they and/or other persons may need to disclose in connection with discovery in this action;

WHEREAS, all Parties recognize the impact that the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, & 34 CFR Part 99 ("FERPA"), may have on the orderly conduct of discovery in this case and wish to establish a protocol for addressing such issues, both preemptively and as they arise;

WHEREAS, the Plaintiff, Coach 1, Captain A, and Student 1 are real persons using pseudonyms to protect privacy and reputational interests;

1

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

WHEREAS, the parties contemplate that a separate confidentiality order may be necessary following the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their attorneys, representatives, agents, experts, consultants, officers, directors, and employees, all third parties providing discovery in this action, all persons or entities that receive Confidential Discovery Material (as that term is defined below), and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms:

1. With respect to "Discovery Material" (i.e., documents or information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order ("Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" material that contains:

   a. the name(s) of Plaintiff, Coach 1, Captain A, Student 1, and/or non-party students and/or former students, as well as any information that could permit the identity of the individual to whom the information applies to be reasonably inferred by direct or indirect means ("Personally Identifiable Information" or "PII");

   b. any information of a private, personal, intimate, and/or sexual nature regarding any individual; or

   c. any other category of information to which this Court subsequently affords confidential status.

  3. In the event that any person wishes to file a document containing factual substance (such as a dispositive motion or a discovery motion recounting underlying facts of this case), information subject to FERPA, information containing PII (as defined above), or any information that could reasonably lead a reader to identify any party using a pseudonym, that party must initially move to file the document UNDER SEAL under Local Rule 5.1.2. The motion to seal may be in substantially the same format as the sample attached hereto as Exhibit A, and is to be filed by emailing the same to ECF_Documents@paed.uscourts.gov. That email shall be copied to all other counsel of record. Within three business days after filing the sealed document, the filing party shall email to all counsel of record a proposed public version of that document containing any and all redactions necessary to protect PII and to protect information subject to FERPA. Within three business days after receiving the proposed public version from the filing party, any other party may email any additional redactions to all counsel of record. Within three business days after receiving any additional proposed redactions, if any, the filing party must publicly file the document on ECF with all proposed redactions. Ultimately, the publicly filed version of the sealed document must contain redactions covering all information subject to FERPA, all PII, and any information that could reasonably lead a reader to identify any party using a pseudonym. The parties shall meet and confer with regard to any disagreements regarding the scope of redactions prior to presenting any such dispute to the Court.

4. Further, the Court has found that Plaintiff is "entitled to proceed under a pseudonym" and that he "shall be referred to as 'John Doe' on the docket and in all future papers filed in this litigation." (Doc. 6.) The Court is also satisfied that any identification of Coach 1, Captain A, and/or Student 1 could lead to the identification of Plaintiff. Therefore, Coach A, Captain A, and Student 1 shall be referred to by their respective pseudonyms on the docket and in all future papers filed in this litigation. The pseudonyms addressed in this paragraph shall be used in any document filed under seal.

5. As to any current or former Haverford College students whose PII is contained in any document requested by any other Party from Haverford College, and where such PII is relevant to the case, the College shall promptly comply with the notice requirements in 34 CFR § 99.31(a)(9)(ii) and alert such students or former students that information pertaining to them is the subject of discovery in this civil action, and should they wish to object to production of PII pertaining to them, they may do so promptly.  No sooner than 14 days after such notices are sent, the College may disclose the information or documents containing PII about such students without redaction provided it has not received notice of objections from the relevant students or former students.  In the event a current or former Haverford College student objects to the production of any information or documents, the College's counsel will notify counsel for all Parties of such objection within three business days. In the event that a current or former Haverford College student's PII is contained in a document requested by any Party from Haverford College and such PII is, in the College's judgment, irrelevant to the case, the College shall redact the irrelevant PII to negate the FERPA notice requirements referenced above.  The purpose of this exception is to avoid undue delays to the discovery process from potential objections regarding FERPA data from students who played no role in the events of the case.  This agreement is intended to result in the

expeditious conduct of discovery, and is not intended to foreclose any party from otherwise seeking discoverable information and is without prejudice to any party's ability to inquire with respect to the identity of any redacted student. As a result, all Parties maintain the right to inquire as to the nature of the redacted PII in order to determine whether they believe such PII is relevant to the case. The parties shall meet and confer with regard to any disagreements concerning the relevance of redacted PII or FERPA notice requirements prior to presenting any such dispute to the Court.

6. With respect to Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such Discovery Material as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

7. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential."

8. When Defendants Haverford College and/or Coach 1 produce documents to Plaintiff and circulate a copy of such documents to the other Defendants, for the first three business days following production, all of the copies produced to the other Defendants will be treated as "Attorneys' Eyes Only." Plaintiff will have three business days to review the production and determine whether there are any documents that should be designated "Attorneys' Eyes Only" permanently. If no such designation is made within three business days, the parties shall have no obligation to treat the documents as "Attorneys' Eyes Only". If Defendants Captain A and Student 1 agree in writing with Plaintiff's decision to designate certain documents "Attorneys' Eyes Only" permanently, that agreement shall be effective. If Defendant Captain A or Student 1 state in writing that either does not agree, Plaintiff shall have the burden to move for a protective order within seven business days of receiving that disagreement in writing. If Plaintiff does not move for such a protective order by this deadline, the "Attorneys' Eyes Only" designation shall be removed.

9. The inadvertent failure to designate particular Discovery Material as "Confidential" at the time of production shall not waive a Producing Party's right to later designate such Discovery Material as Confidential. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked as "Confidential." Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential."

10. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

11. If a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

(a) counsel for the Parties, including counsel's staff (e.g., paralegals); (b) the Parties themselves; (c) current or former employees, consultants, or agents of the Parties who have a legitimate reason related to this litigation to be provided this information; and (d) experts or consultants retained by any Party in this matter.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the affected Parties will address their dispute to this Court.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Party seeking additional limits on disclosure will address the dispute to this Court.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose (e.g., not for any personal, business, commercial, or competitive purpose or in any other litigation proceeding). Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law, provided that such Party gives written notice to the Producing Party as soon as reasonably possible and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the

burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as "Confidential" pursuant to this Order must take best efforts to prevent the unauthorized or inadvertent disclosure of such material.

17. If, in connection with this litigation, a Party or a person inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege, protection, or immunity ("Inadvertently Disclosed Information" and that Party or person, a "Disclosing Party"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, protection, or immunity generally or with respect to the Inadvertently Disclosed Information and its subject matter.

18. If a Disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20. The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

21. The Disclosing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

22. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, attorneys for the Parties may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

24. The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

SO STIPULATED AND AGREED

/s/
Patricia M. Hamill
Jonathan Z. Cohen
Clark Hill
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
phamill@clarkhill.com
jcohen@clarkhill.com
*Attorneys for Plaintiff John Doe*

/s/
Joshua W. B. Richards
Levi R. Schy
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
Joshua.Richards@saul.com
Levi.Schy@saul.com
*Attorneys for Haverford College and Coach 1*

/s/
Joseph McCool
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street, 19th Floor
Philadelphia, PA 19103
jmccool@mmwr.com
*Attorney for Captain A*

/s/
Kevin M. Siegel
The Law Offices of Kevin M. Siegel
One Greentree Centre
10000 Lincoln Drive East
Marlton, NJ 08053
kevin@kmslawgroup.com
*Attorney for Student 1*

SO ORDERED

/s/ Gerald Austin McHugh
Gerald Austin McHugh
United States District Judge

1/23/24

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 2:23-cv-00299-GAM |
| HAVERFORD COLLEGE et al., | : | TO BE FILED UNDER SEAL |
| Defendants. | : | |

**MOTION TO SEAL DOCUMENT BY [PARTY]**

[Party] hereby moves for an order to seal the document attached hereto as Exhibit 1 pursuant to Paragraph No. 3 of the Court's Stipulated Confidentiality Agreement and Protective Order. (Doc. No. _). Exhibit 1 contains Personally Identifiable Information as defined in the same paragraph and/or information of a private, personal, intimate, and/or sexual nature regarding at least one individual. Accordingly, in the interests of justice, the Court should enter the attached order directing that the Clerk seal Exhibit 1.

Respectfully,

_____
[Counsel for Party]

Date: _____

# Exhibit 1

# To Be Filed Under Seal

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 2:23-cv-00299-GAM |
| HAVERFORD COLLEGE et al., | |
| Defendants. | |

## [PROPOSED] ORDER

**AND NOW**, this _____ day of _____ 202_, upon consideration of the Motion to Seal Document by [Party] (the "Motion") filed by [Party] on _____, and any response in opposition thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. The Clerk is **ORDERED** to **SEAL** Exhibit 1 of the Motion.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE