IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) Civil Action No.: 23-cv-00299-GAM |
| vs. | ) |
| HAVERFORD COLLEGE et al. | ) TO BE FILED UNDER SEAL |
| Defendants. | ) |

**DEFENDANT HAVERFORD COLLEGE'S MOTION
TO COMPEL RESPONSE TO NON-PARTY SUBPOENAS**

Defendant Haverford College ("Haverford" or the "College") respectfully moves this Court to compel non-parties Jane Doe and Robert Doe to supplement and amend their responses to the Subpoena to Produce Documents for which they accepted electronic service on November 22, 2023. The College submits the following in support of this Motion.

**RELEVANT FACTUAL BACKGROUND**

1. Plaintiff's Lawsuit and Remaining Claims

Plaintiff's First Amended Complaint asserts that Haverford breached its contract with him (Count I) by excluding him from participation on one of the College's varsity athletic teams. (ECF No. 26). Plaintiff has alleged that he was excluded from the team based on allegations that Plaintiff sexually assaulted another student. Plaintiff further asserts that Coach 1 defamed Plaintiff when he allegedly discussed the existence of the allegations with Plaintiff's former teammates and coaching staff. (Count V).[1] Plaintiff's First Amended Complaint indicates that his mother and

---

[1] The claims referenced herein include those that remain in the case at this time. On August 7, 2023, the Court granted in part the Haverford Defendants' Motion to Dismiss and dismissed Plaintiff's Title IX (Count II), false light (Count III), and intentional infliction of emotional distress (Count IV) claims asserted against the Haverford Defendants, with prejudice. (*See* ECF No. 47).

father, ("Jane Doe" and "Robert Doe" respectively), were party to multiple communications relevant to the claims against the College. (*See, e.g.*, ECF No. 26 at ¶¶ 10, 11, 87, 94, 95, 110, 111, 149). Further, in his Initial Disclosures Under Federal Rule of Civil Procedure 26(a)(1), Plaintiff identified both of his parents as individuals likely to have discoverable information. (*See* Ex. A, Plaintiff's Initial Disclosures at 8). Specifically, Plaintiff stated that Jane and Robert Doe both had information concerning "[t]he claims and allegations in the First Amended Complaint, including the false rumor regarding Plaintiff, Plaintiff's removal from the team, and the denial of Plaintiff's reinstatement to the team." (*Id.*)

2. The Haverford Defendant's Subpoena to Plaintiff's Parents and Requests to Produce Documents

On November 22, 2023, the College served via email to counsel for all parties in this case a Notice of Intent to Serve Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action as to both Jane Doe and Robert Doe which included copies of the subpoenas to be served. (Ex. B, Jane Doe Subpoena; Ex. C, Robert Doe Subpoena (collectively, the "Subpoenas")).

That day, Plaintiff's counsel agreed via email to accept service of the Subpoenas in lieu of personal service to Jane and Robert Doe. (Ex. D, November 22, 2023 Email). The Subpoenas each contained four document requests ("Requests") seeking:

(1) All Documents or Communications by and between You and any other Person(s) referring or related to any of the following:

    a. Plaintiff's involvement in Haverford athletics;
    b. Plaintiff's separation from Haverford athletics and subsequent requests to rejoin the team;
    c. The allegations of sexual assault asserted against Plaintiff and Plaintiff's responses thereto; and
    d. Any sanction that Plaintiff alleges were imposed on him by the Haverford Defendants.

    (2) All Communications by and between You and any other Person(s) referring or related to any allegedly defamatory statements concerning Plaintiff made by Coach 1.

    (3) All Documents relating or referring to the assessment and payment of Plaintiff's tuition, fees, or other costs and expenses related to Plaintiff's enrollment at Haverford or involvement in College athletics; specifically, who paid, when, how much, and whether Haverford or any other third party provided reimbursement for some or all of such payments.

    (4) All communications by and between You and Patricia Hamill, counsel for Plaintiff in the Civil Action, or any individual employed by Patricia Hamill's law firm(s).

(Ex. B, Jane Doe Subpoena; Ex. C, Robert Doe Subpoena).

3. <u>Objections to Subpoenas and Subsequent Correspondence</u>

On December 6, 2023, Jane and Robert Doe each served Objections to the Subpoenas. In both sets of Objections, Jane and Robert Doe asserted that they were agents of Plaintiff, and that the Requests included in the Subpoenas were "an improper attempt to obtain from the parents of the Plaintiff in the above-captioned litigation predominantly if not exclusively Documents that are subject to the attorney-client privilege or other privilege, protection, or immunity" and objected to each document request "to the extent that it calls for information protected by the attorney-client privilege, the common interest doctrine, the joint-client privilege, the work product doctrine, the spousal privilege, Federal Rule of Evidence 408, or any other applicable privilege, protection, or immunity from discovery." (Ex. E, Jane Doe Objections at 2-3; Ex. F, Robert Doe Objections at 2-3). Both Jane and Robert Doe further objected to each individual Request, including Request No. 4 on grounds that such information is "covered by the attorney-client privilege or work product protections or other applicable privilege or protection." *See* (Ex. E at 8; Ex. F at 8).

In an email dated December 12, 2023, counsel for Plaintiff asserted that Jane and Robert Doe's communications with Plaintiff's counsel were protected because "Plaintiff's parents are clients of this firm, and they are also agents of Plaintiff. Plaintiff's father is also a licensed attorney,

3

and he has been involved in the legal work and strategy on this matter since he first learned about his son being separated from the team," and advised that such communications would not be produced. (Ex. G, December 12, 2023 Email). In a subsequent email dated December 22, 2023, counsel for Plaintiff advised that Jane and Robert Doe intended "to produce responsive non-privileged documents within their possession, custody, or control following the entry of a suitable protective order" in response to Requests 1 and 2. (Ex. H, December 22, 2023 Email). With regard to Requests 3 and 4, Plaintiff's counsel advised that Jane and Robert Doe "do not intend to produce any documents." Counsel further advised that Jane Doe would provide a privilege log concerning requests 1, 2, and 4 "following entry of a suitable protective order." (*Id.*)

4. <u>Deficiencies in Plaintiff's Parents' Responses to Subpoenas</u>

On January 9, 2024, the College served, via email to Plaintiff's counsel, individual letters to Jane and Robert Doe outlining the deficiencies in their Objections and Responses to the November 22, 2023 Subpoenas. (Ex. I, Deficiency Letter to Jane Doe; Ex. J Deficiency Letter to Robert Doe). The letters informed Jane and Robert Doe that their claim of privilege was incompatible with controlling case law holding that the attorney-client privilege protects communications *between attorney and client* relating to litigation and is waived when any such communication is shared with a third party, such as, in this case, an adult client's parent. The letters also informed Jane and Robert Doe of their obligation under Federal Rule of Civil Procedure 45(e)(2)(A) to "describe the nature of the documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim" with regard to any subpoenaed information that they intend to withhold on the grounds that such information is privileged or otherwise subject to protection, and that Jane and Robert Doe's failure to provide such privilege logs inhibits the College' ability to ascertain

whether their responses to the Subpoenas are consistent with their obligations under the Federal Rules. (*Id.*). The deficiency letters directed Jane and Robert Doe to (1) provide privilege logs for Requests 1, 2, 3, and 4 within 10 days; and (2) amend their responses to the College' Requests within 7 days to withdraw the improper privilege-based objections and confirm that their forthcoming production of documents would include all documents in their possession or control responsive to the Requests. (*Id.*).

On January 18, 2024, Plaintiff's counsel responded to the deficiency letters on behalf of Jane and Robert Doe confirming their position that Plaintiff's parents are entitled to attorney-client and attorney work product protection in this matter because they are allegedly Plaintiff's agents, agents of Plaintiff's counsel, and clients of Plaintiff's counsel, and advising that Jane and Robert Doe would not withdraw their privilege-based objections. (Ex. K, January 18, 2024 Letter). Plaintiff's counsel further advised that any privilege logs produced by Jane and Robert Doe would not include communications with Plaintiff counsel's law firms unless such communications included an *additional* third party, again asserting that Plaintiff's parents are "clients, agents of Plaintiff, agents of Clark Hill (and formerly Conrad O'Brien) attorneys, and they all share a common interest." (*Id.*)

Plaintiff has conceded that his parents are likely to possess discoverable information, both by referencing Jane and Robert Doe throughout his First Amended Complaint as well as explicitly identifying them in his Initial Disclosures Under Federal Rule of Civil Procedure 26(a)(1). Based on counsel's responses to the Subpoenas, it also appears likely that there are a significant number of responsive communications that contain discussions that pertain to the underlying facts of this case.  For the reasons discussed below, neither of Plaintiff's parents are entitled to the privileges or protections from disclosure that they assert and their participation in correspondence between

Plaintiff and his counsel has waived the privilege, a fact that both counsel and Plaintiff's father, as an attorney, would have been on clear notice of.

Counsel for the parties have corresponded via email and by letter on this matter several times between November 22, 2023, when Plaintiff's counsel accepted service of the subpoenas on behalf of Jane and Robert Doe, and the date of this Motion. Plaintiff's counsel has advised that Jane and Robert Doe will continue to withhold documents under the improper claim of privilege, thus requiring this motion.

## **ARGUMENT**

1. <u>Disclosure of Attorney-Client Communications to Third-Parties Waives the Privilege</u>

It is axiomatic that a plaintiff who discloses an attorney-client communication with a third party "unquestionably waives the privilege." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 361 (3d Cir. 2007). *See also In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011) (holding that "if persons other than the client, its attorney, or their agents are present, the communication is not made in confidence, and the privilege does not attach") (citing *Teleglobe*, 493 F.3d at 359); *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1423-24 (3d Cir. 1991) (holding that attorney-client privilege "protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege. . . . Accordingly, voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege"); *Cottillion v. United Ref. Co.*, 279 F.R.D. 290, 298 (W.D. Pa. 2011) (holding that "if an otherwise privileged communication is disclosed to a third party by the client, then the privilege has been waived"); *C.T. v. Liberal School Dist.*, No. 06-2093-JWL, 2008 WL 217203 (D. Kan. Jan. 25, 2008) (finding that, despite their

interest in assisting their non-minor child with legal matters, parents have no valid basis for claiming privilege over communications with their non-minor child's attorney).

Further, it is settled law that "privilege is to be construed narrowly '[b]ecause it obstructs the truth-finding process'" and thus protects "*only* those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Vasoli v. Yards Brewing Co.*, LLC, No. CV 21-2066, 2021 WL 5045920, at *2 (E.D. Pa. Nov. 1, 2021) (quoting *Westinghouse*, 951 F.2d at 1423-24) (emphasis in original) (internal citations and quotations omitted)).

The same applies to the instant action, a lawsuit initiated by Plaintiff—an adult—and his chosen defendants. Jane and Robert Doe are not co-plaintiffs in Plaintiff's First Amended Complaint, nor is it clear what claims or injuries they could plausibly allege. Jane and Robert Doe are third-parties. Any documents in their possession concerning the topics covered by the College's subpoenas, including communications with Plaintiff's counsel, is discoverable information to which the College is entitled under the Federal Rules of Civil Procedure.

2. Plaintiff's Parents are not Agents of Plaintiff or Plaintiff's Attorneys

Plaintiff's counsel asserts that his parents are "agents of Plaintiff" and also of counsel's current and former law firms, but has provided no support for that assertion. It is widely recognized that it is a rare exception for a court to determine that communications between an adult client's parents and the client's counsel are protected by the attorney-client privilege:

> Doe has not cited a single decision (binding or persuasive) in which a court recognized that a parent acting on behalf of their competent, adult child in securing or facilitating legal services qualified as a 'representative of the client' for purposes of the attorney-client privilege. Indeed, the only decisions in which courts recognized parents as such are those in which the child was either a minor, incapacitated, or incarcerated.

7

*Doe v. Texas Christian Univ.*, No. 4:22-CV-00297-O, 2022 WL 19404209 (N.D. Tex. Oct. 27, 2022). *See also In re Grand Jury Subpoenas*, 995 F.Supp. 332, 340 (S.D.N.Y. 1998) ("Only in extraordinary cases as, for example, where a client needs an interpreter, or where he is so seriously injured that he cannot deal directly with counsel, has the attorney-client privilege been extended to designated representatives of an individual client."); *Gerheiser v. Stephens*, 712 So.2d 1252, 1254 (Fla. App. 1998) (finding that a mother's communication with the attorney for her son were privileged because her incarcerated son required her assistance in obtaining legal counsel). Plaintiff has not and cannot demonstrate that similar facts exist suggesting that such a rare exception to the rule is warranted here.

For example, in *Dempsey v. Bucknell University*, the court held that such an exception may be warranted in highly specific factual circumstances. 296 F.R.D. 323, 329 (M.D. Pa. 2013). In that case, the court found that both of the plaintiff's parents played roles related to their professional backgrounds in the plaintiff's legal defense with regard to criminal proceedings against him: plaintiff's father was a forensic investigator and his mother an attorney. *Id.* Following the court's *in camera* review of the documents at issue, the court held that the plaintiff's parents both used their respective professional experience to actively assist their son's counsel in preparing his defense to criminal and disciplinary charges, "operating in concert with and at the direction of defense counsel, and providing substantial assistance in the preparation of the case" in the same manner as "paid professionals," although they were "family member volunteers." *Id.* at 329-30. The plaintiff's parents were also themselves clients of their son's counsel, with respect to other matters involving *the same university defendant*, and had represented their adult child in an adversarial disciplinary hearing at the defendant university. The court held that, in light of such highly specific facts, an exemption from the typical rule was warranted and the plaintiff's parents

8

were agents of the plaintiff or his attorneys and thus could participate in confidential attorney-client communications or receive disclosure of such protected information without waiving the privilege. *Id.*

The College respectfully argues that *Dempsey* is incompatible with Third Circuit law and is not controlling here. But even if *Dempsey* were consistent with *Westinghouse* and other controlling authority, it is not persuasive here. There is no indication that the relevant law firms have ever represented Jane or Robert Doe in matters involving the College prior to this case, and Plaintiff is neither a minor nor an incapacitated person. To the contrary, he is an adult who matriculated to and has since graduated from Haverford, entirely capable of communicating with counsel without the assistance of his parents.

Plaintiff's position that, because his father is a licensed attorney, his parents' communications on this matter are automatically entitled to protection under attorney-client privilege or the work product doctrine would swallow the rules of privilege entirely when any lawyer is involved in otherwise nonprivileged communications, even where that lawyer has no relevant attorney-client relationship. Further, Plaintiff makes no attempt to explain how this purported privilege extends to his mother. Even if Robert Doe were entitled to the protections he asserts (he is not), Jane Doe remains a third-party and disclosure to Jane Doe waives such purported protections. Plaintiff has identified no professional skills akin to those of an attorney or forensic investigator, as in *Dempsey*, that would qualify Jane Doe as anything other than a concerned parent of a competent adult.

## **CONCLUSION**

For the reasons set forth herein, the College requests that the Court enter an order striking Jane and Robert Doe's privilege and related objections to the Subpoenas and order them to promptly produce responsive documents.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **SAUL EWING LLP** |
| Date: January 22, 2024 | s/ *Joshua W. B. Richards*<br>Joshua W. B. Richards/204315<br>Levi R. Schy/329199<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA  19102<br>(215) 972-7737 (Richards)<br>(215) 972-7803 (Schy)<br>Joshua.Richards@saul.com<br>Levi.Schy@saul.com<br>*Attorneys for Haverford College* |

**CERTIFICATE OF SERVICE**

I, Joshua W. B. Richards, certify that on this date I filed via email to the designated Clerk's Office email address at ECF_Documents@paed.uscourts.gov and copied to counsel of record a true and correct copy of the foregoing **MOTION TO COMPEL RESPONSE TO NON-PARTY SUBPOENAS**, which constitutes valid service on the following counsel of record:

| | |
|---|---|
| Patricia M. Hamill, Esquire<br>Clark Hill<br>Two Commerce Square<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103<br>phamill@clarkhill.com<br><br>*Attorney for Plaintiff John Doe* | Jonathan Z. Cohen, Esquire<br>Clark Hill<br>Two Commerce Square<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103<br>jcohen@clarkhill.com<br><br>*Attorney for Plaintiff John Doe* |
| Kevin M. Siegel, Esquire<br>One Greentree Centre<br>10000 Lincoln Drive East<br>Marlton, NJ 08053<br>kevin@kmslawgroup.com<br><br>*Attorney for Student 1* | Joseph McCool, Esquire<br>1735 Market Street, 19th Floor<br>Philadelphia, PA 19103<br>jmccool@mmwr.com<br><br>*Attorney for Captain A* |

Date: January 22, 2024

s/ *Joshua W. B. Richards*
Joshua W. B. Richards/204315
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7737
Joshua.Richards@saul.com

*Attorney for Haverford College*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | ) |
|        Plaintiff, | ) Civil Action No.: 23-cv-00299-GAM |
| vs. | ) |
| HAVERFORD COLLEGE et al. | ) |
|        Defendants. | ) |

### **CERTIFICATE PURSUANT TO LOCAL RULE 26.1(F)**

I, Joshua W. B. Richards, certify that the College has made reasonable efforts to resolve this dispute with Jane and Robert Doe, but has been unable to resolve this dispute. The College has repeatedly requested full responses to the Subpoenas at issue. We have reached an impasse regarding these requests.

Date: January 22, 2024

s/ *Joshua W. B. Richards*
Joshua W. B. Richards/204315
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7737
Joshua.Richards@saul.com

*Attorney for Haverford College*