# Exhibit B

Jane Doe Subpoena

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> HAVERFORD COLLEGE, <br><br> COACH 1, <br><br> CAPTAIN A, and <br><br> STUDENT 1 <br><br> Defendants. | Civil Action No. 2:23-00299-GAM |

## NOTICE OF INTENT TO SERVE SUBPOENA

TAKE NOTICE that the undersigned intends to serve the attached Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on the individual or entity identified therein to produce the items listed at the time and place specified therein.

|  |  |
|---|---|
|  | **SAUL EWING LLP** |
| Date: November 22, 2023 | s/ *Joshua W. B. Richards* <br> Joshua W. B. Richards/204315 <br> Levi R. Schy/329199 <br> Centre Square West <br> 1500 Market Street, 38th Floor <br> Philadelphia, PA  19102 <br> (215) 972-7737 (Richards) <br> (215) 972-7803 (Schy) <br> Joshua.Richards@saul.com <br> Levi.Schy@saul.com <br> *Attorneys for Haverford Defendants* |

51354865.1

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Notice of Intent to Serve Subpoena to be served on the following counsel of record via email:

| | |
|---|---|
| Patricia M. Hamill, Esquire<br>Clark Hill<br>Two Commerce Square<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103<br>phamill@clarkhill.com<br><br>*Attorney for Plaintiff John Doe* | Jonathan Z. Cohen, Esquire<br>Clark Hill<br>Two Commerce Square<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103<br>jcohen@clarkhill.com<br><br>*Attorney for Plaintiff John Doe* |
| Kevin M. Siegel, Esquire<br>One Greentree Centre<br>10000 Lincoln Drive East<br>Marlton, NJ 08053<br>kevin@kmslawgroup.com<br><br>*Attorney for Student 1* | Joseph McCool, Esquire<br>1735 Market Street, 19th Floor<br>Philadelphia, PA 19103<br>jmccool@mmwr.com<br><br>*Attorney for Captain A* |

Date: November 22, 2023

s/ *Joshua W. B. Richards*
Joshua W. B. Richards/204315
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7737
Joshua.Richards@saul.com

*Attorney for Haverford Defendants*

51354865.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Eastern District of Pennsylvania

| | |
|---|---|
| John Doe *Plaintiff* v. Haverford College, Coach 1, Captain A, and Student 1 *Defendant* | Civil Action No. 23-cv-00299-GAM |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ▇▇▇▇▇▇ (referred to as "Jane Doe")

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A

| Place: SAUL EWING LLP<br>1500 Market St., 38th Floor<br>Philadelphia, PA 19102 | Date and Time:<br>12/22/2023 12:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/22/2023

*CLERK OF COURT*

OR  /s/ Joshua W. B. Richards

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Haverford College and Coach 1 , who issues or requests this subpoena, are:

Joshua W. B. Richards, 1500 Market Street, 38th Floor, Philadelphia, PA 19102, 215-972-7737, joshua.richards@saul.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

　(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　　(i) is a party or a party's officer; or
　　　(ii) is commanded to attend a trial and would not incur substantial expense.

　(2) *For Other Discovery.* A subpoena may command:
　　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

　(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

　(2) *Command to Produce Materials or Permit Inspection.*
　　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

　(3) *Quashing or Modifying a Subpoena.*
　　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　　(i) fails to allow a reasonable time to comply;
　　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　　(iv) subjects a person to undue burden.
　　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

　(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

　(2) *Claiming Privilege or Protection.*
　　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　　(i) expressly make the claim; and
　　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE | : |
| Plaintiff, | : |
| v. | : |
| HAVERFORD COLLEGE, | : Civil Action No. 2:23-00299-GAM |
| COACH 1, | : |
| CAPTAIN A, and | : |
| STUDENT 1 | : |
| Defendants. | : |

**EXHIBIT A**
**TO SUBPOENA TO PRODUCE DOCUMENTS DIRECTED TO JANE DOE**

Please follow these instructions and use the following definitions in responding to the Subpoena to Produce Documents ("Subpoena") served on you by Haverford College ("Haverford" or the "College") and Coach 1 (together, the "Haverford Defendants") in the above-captioned action:

**DEFINITIONS**

1. "Address" shall mean street address, including, without limitation, suite or apartment number, if applicable, city, state and zip code.

2. "Affiliate" shall mean an entity or Person (as defined below) that, directly or indirectly, through one or more intermediaries, controls or is controlled by or is under common control with another Person or entity.

3. "All" shall mean each and every.

4. "All Documents" shall mean every document, whether an original or copy, as defined herein, known to you, and every such document or writing which you can locate or discover by reasonable diligent efforts.

5. "And" shall mean and/or and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery request all responses that might otherwise be construed to be outside of its scope.

6. "Any" shall mean any and all.

7. "Civil Action" shall mean the civil action styled and pending as John Doe v. Haverford College, Coach 1, Captain A, and Student 1, and docketed in the Court (as defined below) as Civil No. 2:23-cv-00299-GAM.

8. "Communication" means any manner or means of disclosure, transfer, or exchange, and any disclosure, transfer or exchange of information whether orally or by document, or whether face-to-face, by telephone, text message, email, social media, electronic messaging platform, mail or personal delivery.

9. "Concerning" shall mean referring to, alluding to, responding to, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, pertaining to and/or evidencing.

10. "Court" shall mean the United States District Court for the Eastern District of Pennsylvania.

11. "Document" or "Documents" shall mean all written, typewritten, handwritten, recorded or printed matter of any kind, including, without limitation, the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made upon such copies or otherwise, including, again without limitation, emails, text messages, social media

messages or postings, communications via any electronic platform (Snapchat, Instagram, LinkedIn, Slack, Facebook, and the like), minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including, but not limited to, information or programs stored in a computer, whether or not ever printed out or displayed); all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphic or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody or control. Without limiting the term "control" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof.

    12.    "Each" shall mean each and every.

    13.    "First Amended Complaint" shall mean the First Amended Complaint filed in the Civil Action (as defined above) by Plaintiff (as defined below).

14. "Haverford Defendants" shall mean Haverford College and Coach 1, defendants in the Civil Action.

15. "Identify" or "identity," when used in reference to an individual person, shall mean to state his or her full name, present or last known business address, and residential address if no present business address is known, telephone number and the name of such person's present or last known employer, place of employment and position, and the position during the relevant time period.

16. "Identify" or "identity," when used in reference to an entity, shall mean to state its full and complete name and the present or last known address of its headquarters or principal place of business.

17. "Identify" or "identity," when used in reference to a document, shall mean to state the nature of the document (*e.g.*, letter, memorandum, *etc.*); the date, if any, appearing on the document; the identity of the person(s) who wrote, signed, dictated or otherwise participated in the preparation of the document; the identity of all persons who received copies of the document; and the present location and custodian of the document.

18. "Identify" or "identity," when used in reference to a meeting or to an oral communication, shall mean to state the following: the date and place thereof; the identity of the individual(s) who initiated the meeting or oral communication, the identity of each person who participated in, or who was present at, any part, or all, of the meeting or oral communication, or who became privy to the substance of the meeting or oral communication; the subject of the meeting or oral communication, and whether the meeting or oral communication occurred in person or by telephone and, if both, the method by which each individual participated.

19. "Identify" or "identity," when used in reference to a photograph shall mean a description of the subject of the photograph; the date the photograph was taken; the identity of the person who took the photograph and the person(s) to whom the photograph was disseminated; and the identity of the present custodian of the photograph.

20. "Meeting" shall mean any assembly, communication, convocation, encounter or coincidence of two or more persons for any purpose, whether or not planned, arranged or scheduled in advance, whether in person, by telephone, or otherwise.

21. "Plaintiff" shall mean John Doe, the Plaintiff in the Civil Action (as defined above), as well as each and every one of his employees, representatives, agents, servants, and all others acting for and/or on his behalf.

22. "Oral communication" shall mean any utterance spoken or heard, whether in person, by telephone, or otherwise.

23. "Person" shall mean any and all entities, as well as natural persons, and, without limitation, shall be defined to include natural persons, corporations, sole proprietorships, partnerships, joint owners, associations, companies, governmental bodies or agencies and joint ventures.

24. "Refer," "relate," "reflect," "regard," "refer to," "relate to," "relating to," and "concerning" (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting or constituting.

25. "You" or "your" shall mean Jane Doe, the individual to whom this Subpoena is directed.

**INSTRUCTIONS**

A. The Documents requested herein are to be produced (i) as they are kept in the usual course or (ii) organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests for production, and if responsive to more than one request for production, produced in response to the first request to which it is responsive. If there are no Documents responsive to a particular numbered request for production and/or category of Documents, so state in writing. Electronically stored information shall be produced as image files (*e.g.* PDF of TIFF) without cleansing, purging or deletion of any and all metadata.

B. If You claim any form of privilege, whether based upon statute or otherwise, as a ground for not producing any Document or other tangible thing, identify the subject document or tangible thing and set forth all facts upon which such claim of privilege is based, and for each Document or tangible thing as to which You claim any form of privilege, identify (i) the date of the Document, (ii) the date upon which the Document or tangible thing was prepared, (iii) the title or caption of the Document, (iv) the form of the Document or tangible thing (*e.g.* letter, memorandum, chart, *etc.*), (v) the subject matter of the Document or tangible thing, (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the Document or tangible thing, (vii) and the recipient(s) of the Document and/or other tangible thing or any copy thereof, including all persons to whom the Document or tangible thing has been provided or who have it within their possession, custody or control.

C. If any Document or other tangible thing responsive to any request for production has been destroyed, identify (i) any and all persons who participated in, or who were involved in, the decision to destroy such Document or other tangible thing, (ii) any Document retention or destruction policy under which such Document or other tangible thing was destroyed and any and

6

all persons who participated in, or who were involved in, the formulation of any such policy, (iii) the reason for the destruction of such Document or other tangible thing, and (iv) the date (or approximate date if precise date is not known) of the destruction of such Document or other tangible thing.

      D.      All Documents produced in response to each request for production of Documents shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested. All interim, as well as final, versions of the Document shall be produced, and all versions or copies that are not identical to the original or other produced copy of the Document, whether due to handwritten notations, modifications, changes, amendments, revisions or otherwise, shall be produced.

      E.      Where anything has been deleted from a Document produced, (i) specify the nature of the material deleted; (ii) specify the reason(s) for the deletion; and (iii) identify the person(s) responsible for the deletion.

      F.      If any request for production of Documents herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

      G.      This subpoena is continuing in nature. The designated Documents requested are to be supplemented when subsequent or additional information is received by you, either directly or indirectly, after the date of the production.

## REQUESTS FOR PRODUCTION

      1.      All Documents or Communications by and between You and any other Person(s) referring or related to any of the following:

          a.      Plaintiff's involvement in Haverford athletics;

7

  b.  Plaintiff's separation from Haverford athletics and subsequent requests to rejoin the team;

  c.  The allegations of sexual assault asserted against Plaintiff and Plaintiff's responses thereto; and

  d.  Any sanctions that Plaintiff alleges were imposed on him by the Haverford Defendants.

2. All Communications by and between You and any other Person(s) referring or related to any allegedly defamatory statements concerning Plaintiff made by Coach 1.

3. All Documents relating or referring to the assessment and payment of Plaintiff's tuition, fees, or other costs and expenses related to Plaintiff's enrollment at Haverford or involvement in College athletics; specifically, who paid, when, how much, and whether Haverford or any other third party provided reimbursement for some or all of such payments.

4. All communications by and between You and Patricia Hamill, counsel for Plaintiff in the Civil Action, or any individual employed by Patricia Hamill's law firm(s).

            **SAUL EWING LLP**

Date: November 22, 2023     s/ *Joshua W. B. Richards*
               Joshua W. B. Richards/204315
               Levi R. Schy/329199
               Centre Square West
               1500 Market Street, 38th Floor
               Philadelphia, PA  19102
               (215) 972-7737 (Richards)
               (215) 972-7803 (Schy)
               Joshua.Richards@saul.com
               Levi.Schy@saul.com
               *Attorneys for Haverford Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing Subpoena for Documents to be served on the following counsel of record via email:

| | |
|---|---|
| Patricia M. Hamill, Esquire<br>Clark Hill<br>Two Commerce Square<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103<br>phamill@clarkhill.com<br><br>*Attorney for Plaintiff John Doe* | Jonathan Z. Cohen, Esquire<br>Clark Hill<br>Two Commerce Square<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103<br>jcohen@clarkhill.com<br><br>*Attorney for Plaintiff John Doe* |
| Kevin M. Siegel, Esquire<br>One Greentree Centre<br>10000 Lincoln Drive East<br>Marlton, NJ 08053<br>kevin@kmslawgroup.com<br><br>*Attorney for Student 1* | Joseph McCool, Esquire<br>1735 Market Street, 19th Floor<br>Philadelphia, PA 19103<br>jmccool@mmwr.com<br><br>*Attorney for Captain A* |

Date: November 22, 2023

s/ *Joshua W. B. Richards*
Joshua W. B. Richards/204315
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7737
Joshua.Richards@saul.com

*Attorney for Haverford Defendants*