# Exhibit F

Robert Doe Objections

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                            )
JOHN DOE,                                   )
                                            )
                Plaintiff,                  )   Civil Action No.: 23-cv-00299-GAM
        vs.                                 )
                                            )
HAVERFORD COLLEGE et al.                    )
                                            )
                Defendants.                 )
_____)

**NON-PARTY ROBERT DOE'S OBJECTIONS TO NOVEMBER 22, 2023 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Non-party Robert Doe hereby objects, pursuant to Federal Rules of Civil Procedure 26, 34, and 45 and the Local Rules of the Eastern District of Pennsylvania ("Local Rules"), to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated November 22, 2023, issued by Defendants Haverford College and Coach 1 (the "Subpoena").

Mr. Doe reserves the right to alter, supplement, amend, or otherwise modify any objections. Mr. Doe also reserves the right to lodge further objections and/or assert any applicable claims of privilege as to any documents, specific or general, including when or if any responsive documents are identified. Mr. Doe reserves the right to file a motion to quash or for a protective order or to oppose a motion to compel on any grounds, including but not limited to any objection raised herein.

GENERAL OBJECTIONS

The general objections and limitations listed below, including those related to the Definitions and Instructions ("General Objections"), apply to and are incorporated into each and every response by Mr. Doe to the Subpoena, Exhibit A to the Subpoena, and the document

requests contained in Exhibit A to the Subpoena ("Document Request" or "Document Requests").  Each response is made without waiving the General Objections and without waiver of, or prejudice to, any objections Mr. Doe may raise now or in the future, and all such objections are expressly preserved.  Specific objections to any Document Request do not constitute an admission that Mr. Doe has any documents responsive to that Document Request.

1. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, to the extent that it purports to impose upon Mr. Doe obligations or duties that are in addition to or not required by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable laws or rules.

2. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, as improper harassment of the parents of, who are also agents of, Plaintiff John Doe in the above-captioned litigation, which is designed to impose undue burden and costs on the Plaintiff and his family in violation of Fed. R. Civ. P. 45(d)(1) and 26(g) and the Code of Pretrial and Trial Conduct.

3. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, as an improper attempt to obtain from the parents of the Plaintiff in the above-captioned litigation predominantly if not exclusively Documents that are subject to the attorney-client privilege or other privilege, protection, or immunity, and thereby to impose undue burden and costs on the Plaintiff and his family in violation of Fed. R. Civ. P. 45(d)(1) and 26(g) and the Code of Pretrial and Trial Conduct.

4. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, to the extent that it calls for information protected by the attorney-client privilege, the common interest doctrine, the joint-client privilege, the work product

doctrine, the spousal privilege, Federal Rule of Evidence 408, or any other applicable privilege, protection, or immunity from discovery. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) (requiring that court quash subpoena that "requires disclosure of privileged or other protected matter"). Any inadvertent disclosure or production shall not be deemed a waiver of any privilege or protection. Any information derived from inadvertently disclosed information or document(s) shall not be used in any manner.

5. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, to the extent that it exceeds the scope of the Federal Rules of Civil Procedure as not proportional to the needs of the case, not relevant to the above-captioned litigation, unreasonably duplicative or cumulative, and unduly burdensome, thus subjecting a non-party to a particularly prejudicial exercise. *See* Fed R. Civ. P. 26(b)(1) (limiting discovery to that which "is relevant to any party's claim or defense and proportional to the needs of the case"); Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring that court limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); Fed. R. Civ. P. 45(d)(1) (requiring issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"); Fed. R. Civ. P. 45(d)(3)(A)(iv) (requiring that court quash subpoena that "subjects a person to undue burden").

6. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, as unduly burdensome to the extent that it requires Mr. Doe to identify and produce information equally obtainable by or in the possession, custody, or control of

3

parties to the litigation, or that is otherwise in the public domain. *See* Fed. R. Civ. P. 45(d)(1); 45(d)(3)(A)(iv); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i).

7. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, to the extent that it is vague, ambiguous, or unknowable, in whole or in part.

8. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, to the extent that it contains unwarranted or unsupported factual or legal conclusions, allegations, or claims.

9. Mr. Doe objects to each and every Document Request, including the Definitions and Instructions, to the extent that it seeks information that is not in Mr. Doe's possession, custody, or control, or is not reasonably ascertainable or accessible by Mr. Doe.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Mr. Doe objects to the definitions of "Communication" and "Document" as overbroad, unduly burdensome, not proportional to the needs of this case, vague, ambiguous, and unknowable to the extent that they purport to include oral or other non-written communications, including such items as "communications via any electronic platform," "agreements," "reports" "interoffice and intraoffice communications," "offers," "confirmations," and "all other similar material."

2. Mr. Doe objects to the instruction that he identify Documents not produced on the ground that they are privileged or protected—which include nearly all potentially responsive documents—as improper, harassing, unduly burdensome, intended to needlessly increase the cost of litigation, and not proportional to the needs of this case.

3. Mr. Doe objects to the instruction that he produce all responsive Documents in their entirety—notwithstanding the fact that portions of such Documents may not be relevant

or may be privileged, protected, personal, confidential, or otherwise not subject to production—as overbroad, unduly burdensome, and not proportional to the needs of this case.

4. Mr. Doe objects to the assertion that the Subpoena is "continuing in nature" and the corresponding instruction that he produce supplemental responsive Documents if he receives any such Documents after the initial completion of production, which is contrary to the legal obligations of subpoena recipients.

5. Mr. Doe objects to the lack of any time period limitation with respect to the Requests as overbroad, unduly burdensome, not proportional to the needs of this case, vague, ambiguous, and unknowable.

SPECIFIC OBJECTIONS

REQUEST NO. 1:

*All Documents or Communications by and between You and any other Person(s) referring or related to any of the following:*

    a. *Plaintiff's involvement in Haverford athletics;*

    b. *Plaintiff's separation from Haverford athletics and subsequent requests to rejoin the team;*

    c. *The allegations of sexual assault asserted against Plaintiff and Plaintiff's responses thereto; and*

    d. *Any sanctions that Plaintiff alleges were imposed on him by the Haverford Defendants.*

**RESPONSE:** Mr. Doe incorporates herein his General Objections. Mr. Doe objects to this Document Request as improper, intended to harass, intended to needlessly increase the cost

of litigation, and unduly burdensome.  Mr. Doe objects to this Document Request to the extent that it calls for Documents covered by the attorney-client privilege or work product protections or other applicable privilege or protection.  Mr. Doe objects to this Document Request to the extent that it calls for oral or other non-written communications.  Mr. Doe objects to this Document Request as duplicative, cumulative, and unduly burdensome to the extent that it requests information that is available from parties to the above-captioned litigation.  Mr. Doe objects to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of this case for the foregoing reasons and due to the lack of any time period limitation.  Mr. Doe further objects to this Document Request as overbroad and vague, ambiguous, and unknowable as to the phrases "involvement in" and "Haverford athletics."

REQUEST NO. 2:

*All Communications by and between You and any other Person(s) referring or related to any allegedly defamatory statements concerning Plaintiff made by Coach 1.*

**RESPONSE:**  Mr. Doe incorporates herein his General Objections.  Mr. Doe objects to this Document Request as improper, intended to harass, intended to needlessly increase the cost of litigation, and unduly burdensome.  Mr. Doe objects to this Document Request to the extent that it calls for Documents covered by the attorney-client privilege or work product protections or other applicable privilege or protection.  Mr. Doe objects to this Document Request to the extent that it calls for oral or other non-written communications.  Mr. Doe objects to this Document Request as duplicative, cumulative, and unduly burdensome to the extent that it requests information that is available from parties to the above-captioned litigation.  Mr. Doe objects to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of this case for the foregoing reasons and due to the lack of any time period limitation.

REQUEST NO. 3:

*All Documents relating or referring to the assessment and payment of Plaintiff's tuition, fees, or other costs and expenses related to Plaintiff's enrollment at Haverford or involvement in College athletics; specifically, who paid, when, how much, and whether Haverford or any other third party provided reimbursement for some or all of such payments.*

**RESPONSE:** Mr. Doe incorporates herein his General Objections. Mr. Doe objects to this Document Request as improper, intended to harass, intended to needlessly increase the cost of litigation, and unduly burdensome. Mr. Doe objects to this Document Request to the extent that any documents in his possession, custody, or control that might be responsive to it are not relevant to the above-captioned litigation. Mr. Doe objects to this Document Request as duplicative, cumulative, and unduly burdensome to the extent that it requests information that is available from parties to the above-captioned litigation and specifically is already in the possession of Haverford College, the issuer of this Document Request. Mr. Doe objects to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of this case for the foregoing reasons, due to the lack of any time period limitation, and in that it seeks *any and all* documents relating to Plaintiff's tuition, fees, or other costs and expenses related to Plaintiff's enrollment at Haverford College. Mr. Doe further objects to this Document Request as overbroad and vague, ambiguous, and unknowable as to the phrases "involvement in" and "College athletics."

REQUEST NO. 4:

*All communications by and between You and Patricia Hamill, counsel for Plaintiff in the Civil Action, or any individual employed by Patricia Hamill's law firm(s).*

**RESPONSE:** Mr. Doe incorporates herein his General Objections. Mr. Doe objects to this Document Request as improper, intended to harass, intended to needlessly increase the cost

7

of litigation, and unduly burdensome.  Mr. Doe objects to this Document Request to the extent that it calls for Documents covered by the attorney-client privilege or work product protections or other applicable privilege or protection.  Mr. Doe objects to this Document Request to the extent that it calls for oral or other non-written communications.  Mr. Doe objects to this Document Request as duplicative, cumulative, and unduly burdensome to the extent that it requests information that is available from parties to the above-captioned litigation.  Mr. Doe objects to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of this case for the foregoing reasons and due to the lack of any time period limitation.

        Respectfully,

        /s/ Jonathan Z. Cohen
        Jonathan Z. Cohen (PA Id. No. 205941)
        Patricia M. Hamill (PA Id. No. 48416)
        **CLARK HILL PLC**
        Two Commerce Square
        2001 Market Street, Suite 2620
        Philadelphia, PA 19103
        (t) (215) 640-8500/(f) (215) 640-8501
        jcohen@clarkhill.com
        phamill@clarkhill.com

        *Attorneys for Non-Party Robert Doe*

Date: December 6, 2023

## CERTIFICATE OF SERVICE

    I hereby certify that the above Non-Party Robert Doe's Objections to November 22, 2023 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action were served by electronic mail on December 6, 2023 on the following counsel of record:

Joshua W.B. Richards, Esq.
joshua.richards@saul.com

Levy R. Schy, Esq.
levi.schy@saul.com

Joseph P. McCool, Esq.
jmccool@mmwr.com

Kevin M. Siegel, Esq.
Kevin@KMSLawGroup.com


    /s/ Jonathan Z. Cohen
Jonathan Z. Cohen (PA Id. No. 205941)
Patricia M. Hamill (PA Id. No. 48416)
**CLARK HILL PLC**
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(t) (215) 640-8500/(f) (215) 640-8501
jcohen@clarkhill.com
phamill@clarkhill.com

*Attorneys for Non-Party Robert Doe*

Date: December 6, 2023