# Exhibit J

Deficiency Letter to Robert Doe



Joshua W. B. Richards
Phone: (215) 972-7737
Fax: (215) 972-7725
Joshua.Richards@saul.com
www.saul.com

January 9, 2024

**VIA ELECTRONIC MAIL**

Patricia M. Hamill
Jonathan Z. Cohen
Clark Hill PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
phamill@clarkhill.com

      RE:    *John Doe v. Haverford College et al.*, Civil Action No. 23-cv-00299-GAM

Dear Counsel:

As you are aware, we represent Haverford College ("Haverford" or the "College") and Coach 1 (together, the "Haverford Defendants") in the above-referenced litigation. This letter summarizes certain outstanding discovery issues and notifies Robert Doe of the deficiencies in his Objections to November 22, 2023 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and in counsel's December 22, 2023 email concerning same (together, "Responses"). The specific deficiencies in Robert Doe's Responses are identified in detail below. Nothing in this letter should be construed to waive the Haverford Defendants' ability to raise further deficiencies in Robert Doe's Responses at a later date.

**Objections Premised on Privilege**

In response to the November 22 Robert Doe Subpoena, Robert Doe asserted a general objection to "each and every Document Request . . . to the extent that it calls for information protected by the attorney-client privilege, the common interest doctrine, the joint-client privilege, the work product doctrine, the spousal privilege, Federal Rule of Evidence 408, or any other applicable privilege, protection, or immunity from discovery." In addition to the foregoing general objection, Robert Doe similarly objected to Requests 1, 2 and 4 on privilege grounds to the extent they call "for Documents covered by the attorney-client privilege or work product protections or other applicable privilege or protection."

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

51580112.1

January 9, 2024
Page 2

In a subsequent email dated December 22, 2023, counsel for Plaintiff advised that Robert Doe intended "to produce responsive non-privileged documents within [his] possession, custody, or control following the entry of a suitable protective order" in response to Requests 1 and 2. With regard to Requests 3 and 4, Plaintiff's counsel advised that Robert Doe "do[es] not intend to produce any documents." Counsel further advised that Robert Doe would provide a privilege log concerning requests 1, 2, and 4 "following entry of a suitable protective order."

Federal Rule of Civil Procedure 45(e)(2)(A) requires that when a person withholds subpoenaed information on the grounds that such information is privileged or otherwise subject to protection, that person must expressly make such a claim and "describe the nature of the documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." The Parties have agreed that no documents beyond publicly accessible Haverford policies and procedures will be produced until a protective order addressing confidentiality issues is in place. However, the Parties have not agreed to delay production of privilege logs required by Rule 45 and Robert Doe has provided no reason for doing so. Robert Doe's failure to provide a privilege log inhibits the Haverford Defendants' ability to ascertain whether his Responses are consistent with his obligations under the Federal Rules.

**Kindly provide a privilege log for Requests 1, 2, 3, and 4 within 10 days of receipt of this letter to avoid motions practice on that issue. If we are obligated to move to compel production of a privilege log, we intend to seek appropriate fees pursuant to the Federal Rules of Civil Procedure.**

Further, it is axiomatic that a plaintiff who discloses an attorney-client communication with a third party "unquestionably waives the privilege." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 361 (3d Cir. 2007); *see also In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011) (holding that "if persons other than the client, its attorney, or their agents are present, the communication is not made in confidence, and the privilege does not attach") (citing *Teleglobe,* 493 F.3d at 359); *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1423-24 (3d Cir. 1991) (holding that attorney-client privilege "protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege. . . . Accordingly, voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege"); *Cottillion v. United Ref. Co.*, 279 F.R.D. 290, 298 (W.D. Pa. 2011) (holding that "if an otherwise privileged communication is disclosed to a third party by the client, then the privilege has been waived"); *C.T. v. Liberal School Dist.*, No. 06-2093-JWL, 2008 WL 217203 (D. Kan. Jan. 25, 2008) (finding that, despite their interest in assisting their non-minor child with legal matters, parents have no valid basis for claiming privilege over communications with their non-minor child's attorney).

This action is between Plaintiff—an adult—and his chosen defendants. Robert Doe is neither the Plaintiff in this action nor the attorney for Plaintiff. Accordingly, his communications

51580112.1

January 9, 2024
Page 3

concerning the subject matter of this lawsuit with Plaintiff, his attorneys, or other individuals are not subject to the attorney-client privilege or any other protection. The attorney-client privilege protects communications *between attorney and client* relating to litigation. This protection is waived when any such communication is shared with a third party, such as, in this case, the adult client's parent.

***Kindly amend and supplement Robert Doe's Responses within 7 days of receipt of this letter to withdraw the privilege objection to avoid motions practice and confirm that Robert Doe's forthcoming production of documents will include all documents in his possession or control that are responsive to the requests in the November 22 Robert Doe Subpoena.***

**Robert Doe's Specific Responses to Requests for Production of Documents**

Request No. 3 requested "[a]ll Documents relating or referring to the assessment and payment of Plaintiff's tuition, fees, or other costs and expenses related to Plaintiff's enrollment at Haverford or involvement in College athletics; specifically, who paid, when, how much, and whether Haverford or any other third party provided reimbursement for some or all of such payments." In response, Robert Doe asserted various objections including that such documents were "not relevant to the above-captioned litigation," and are already in the Haverford Defendants' possession. Robert Doe indicated that he does not intend to produce documents responsive to Request No. 3. Robert Doe's failure to produce documents responsive to this request is deficient under the Federal Rules of Civil Procedure.

Plaintiff has asserted claims for breach of contract against Haverford and defamation against Coach 1. Plaintiff, through this lawsuit, seeks to recover damages resulting from the Haverford Defendants' alleged conduct, including damages stemming from his exclusion from participation in College athletics and the alleged denial of Plaintiff's "access to the full rights and privilege of his education." (*See* ECF No. 26 at ¶ 14). Plaintiff also seeks, among other damages, compensatory damages exceeding $75,000. (*Id.* at 51-52). Indeed, as to Plaintiff's breach of contract claim, "resultant damages" caused by the alleged breach is a requisite element of that claim under Pennsylvania Law. *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010). The questions of existence and amount of damages are highly relevant to the remaining claims against the Haverford Defendants. This includes information concerning the tuition, fees, and miscellaneous costs allegedly borne by Plaintiff in connection with his enrollment at Haverford and participation in Haverford athletics. Robert Doe is required to provide documents responsive to the November 22 Robert Doe Subpoena regardless of whether he believes the documents are already in the College's possession, custody, or control. For one thing, it is possible that Robert Doe's belief as to the Haverford Defendants' custody is incorrect; for other documents, it may be relevant that Plaintiff and/or his parents were in possession, custody, or control of the documents. As such, Robert Doe is obligated to produce any such documents in his possession. Be advised that the College will move to strike any evidence of alleged harm responsive to this request and not timely produced by Robert Doe.

January 9, 2024
Page 4

***Kindly amend Robert Doe's Responses within 7 days of receipt of this letter and confirm that Robert Doe's forthcoming production of documents will include all documents in his control or possession that are responsive to Request No. 3.***

We are available at your convenience should you wish to discuss this matter. We are hopeful that we can resolve these discovery disputes without involvement of the Court.

Sincerely,

Joshua W. B. Richards

cc: Joseph McCool
    Kevin M. Siegel
    Levi R. Schy

51580112.1