# Exhibit K

January 18, 2024 Letter



Jonathan Z. Cohen
T (215) 422-4426
Email:jcohen@ClarkHill.com

Clark Hill
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
T (215) 640-8500
F (215) 640-8501

January 18, 2024

BY EMAIL

Joshua W. B. Richards
Levi R. Schy
Saul Ewing LLP
Joshua.Richards@saul.com
Levy.Schy@saul.com

Re:  *Doe v. Haverford Coll.* et al., No. 2:23-cv-00299-GAM (E.D. Pa.)

Dear Counsel:

As you know, we represent Plaintiff's parents, Non-Parties Robert Doe and Jane Doe, with respect to the above-referenced litigation. This letter responds to both letters that you sent on January 9, 2024 regarding alleged "deficiencies" in the objections made by Plaintiff's parents to the Haverford Defendants' November 22, 2023 subpoenas.

**Plaintiff's mother's objection to validity of subpoena**

The November 22, 2023 subpoena to Plaintiff's mother violated Rule 45's requirement that the production of documents, electronically stored information, or tangible things occur at a place within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person. *See* Fed. R. Civ. P. 45(c)(2)(A). However, in light of your January 9, 2024 subpoena demanding compliance at Saul Ewing's New York City office, Plaintiff's mother will waive this objection to the November 22, 2023 subpoena if you confirm that the January 9, 2024 subpoena, which itself was not properly served, has been withdrawn.

**Objections to Request No. 3 by both of Plaintiff's parents**

We remain disappointed that Haverford is still demanding documents "relating to or referring to the assessment and payment of Plaintiff's tuition, fees, or other costs and expenses related to Plaintiff's enrollment at Haverford." The language of the request—which includes "assessment," which was made by Haverford, and "payment," which was received by Haverford—suggests that Haverford already has these documents. Indeed, they originated with Haverford. Further, the Haverford Defendants made the same request directly in their First Set of Requests for Production of Documents Directed to Plaintiff John Doe. Nonetheless, to avoid unnecessary motion practice, Plaintiff's parents will produce documents responsive to Request No. 3 without waiver of Plaintiff's parents' objections.

Joshua W. B. Richards
Levi R. Schy
January 18, 2024
Page 2

**Objections by both of Plaintiff's parents based on the attorney-client privilege, the work-product doctrine, and other privileges and protections**

We disagree with your contention that Plaintiff's parents' communications "are not subject to the attorney-client privilege or any other protection" or that any protection of these communications has been "waived." First, the in-circuit cases that you cited all note that communications with an agent of a client or an attorney can be attorney-client privileged. Plaintiff's parents have been acting as his agents ever since they learned that the Haverford Defendants forced him off his team. Plaintiff's parents have also acted as agents of Clark Hill (and formerly Conrad O'Brien) attorneys. Even the out-of-circuit case that you cite recognizes the possibility that communications involving parents can be privileged when they are acting as agents.

Second, your argument ignores the fact that Plaintiff's parents are clients of Clark Hill in this matter, which I mentioned in my email to you dated December 12, 2023. The fact that Plaintiff's parents are not plaintiffs in this matter does not mean that they cannot be clients for the purpose of an attorney-client relationship and privilege protections.

Third, your assertion that Plaintiff's father is not an "attorney for Plaintiff" is wrong. As I stated in my December 12, 2023 email, Plaintiff's father is a licensed attorney, and he has been involved in the legal work and strategy on this matter applying his expertise as an attorney and representing his son since he first learned about his son being removed from the team.

Finally, your argument omits any discussion of the work-product doctrine and other protections, which Plaintiff's parents relied upon in their objections and which are legally supported.

Accordingly, Plaintiff's parents will not be withdrawing their privilege objections.

**Privilege log**

You have requested a privilege log. Plaintiff's parents intend to serve an appropriate privilege log by the end of the month. While Rule 45 does require subpoenaed parties to "describe the nature of [withheld] documents, communications, or tangible things," it does not provide an express deadline for doing so.

Please note that the privilege log will not include any communication with any Clark Hill or Conrad O'Brien employee unless there is a third party also included on the communication and we believe that the communication remains privileged. We do not regard Plaintiff's parents (or Plaintiff) as third parties. As noted above, Plaintiff's parents are clients, agents of Plaintiff, agents of Clark Hill (and formerly Conrad O'Brien) attorneys, and they all share a common interest. Plaintiff's father also is a licensed attorney who has been involved in the legal work and strategy on this matter applying his expertise as an attorney and representing his son since he first learned about his son being removed from the team.

Nor will the privilege log include any communications made after Plaintiff's Verified Complaint was filed on January 25, 2023. There is no requirement that a privilege log contain privileged communications made after the filing of the initial complaint. *See Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 139 n. 22 (3d Cir. 2009); *S.M. v.*

Joshua W. B. Richards
Levi R. Schy
January 18, 2024
Page 3

*Tamaqua Area Sch. Dist.*, No. 22-525, 2023 WL 3689607, *2 (M.D. Pa. May 26, 2023); *Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, No. 20-847, 2021 WL 6882375, at *3 (C.D. Cal. Dec. 6, 2021) (noting routine denial of motions to compel privilege logs containing attorney-client communications or work-product dated after commencement of litigation).

      We request that the Haverford Defendants serve their own privilege logs in response to Plaintiff's document requests before the end of the month.

      Sincerely,

      CLARK HILL

      Jonathan Z. Cohen

JZC

cc:   Joseph P. McCool
      Kevin M. Siegel
      Patricia M. Hamill