IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO.  2:23-cv-00299-GAM |
| v. | : | |
| | : | |
| HAVERFORD COLLEGE, | : | |
| COACH 1, and | : | |
| STUDENT1 | : | MOTION FOR PROTECTIVE |
| | : | ORDER AND FOR IN |
| | : | CAMERA HEARING ON |
| | : | BEHALF OF |
| | : | INTERVENING STUDENT |
| | : | DOE |
| | : | |
| Defendants | : | |

## MOTION FOR PROTECTIVE ORDER AND FOR AN IN CAMERA HEARING ON BEHALF OF INTERVENING STUDENT DOE

COMES NOW  "Intervening Student Doe", not a party to this lawsuit,  who objects to certain discovery currently being  conducted and likely to be further conducted in this case, requesting a stay of discovery with respect to a document request made to party Haverford College  until this Court conducts an in camera hearing with the her undersigned counsel so that the Court can consider certain documents pertaining to Intervening Student Doe in the possession of Haverford College and then issue an order of protection for  Intervening Student Doe.

Intervening Student Doe by her undersigned attorney represents as follows:

1.  By letter dated  January 25, 2024 from Haverford College's Office of the Dean,

1

Intervening Student Doe received notice that Haverford College "is a defendant in a lawsuit brought by a former Haverford student involving allegations concerning College athletics and reports of sexual misconduct. That student's attorneys have requested that the College provide to them certain records relevant to the lawsuit that are likely to contain personally identifiable information about you."

2.   The letter goes on to state that, as required by law, Haverford was complying with the Family Educational Rights and Privacy Act ("FERPA") requiring advance notice to students before records directly relating to them are provided in response to any court process.

3.   Further, the letter provided that this notice was provided so that Intervening Student Doe "can decide whether you would like to make any objection or file any motion with the court…."

4.   Along with the letter was a copy of the Stipulated Confidentiality Agreement and Protective Order entered into by the parties to the lawsuit and so-ordered by this Honorable Court on January 23, 2024.  (Docketed on that date as Document #61)

5.   Prior to retaining counsel Intervening Student Doe  emailed Haverford College on January 25, 2024 instructing the Dean not to release any personal information between the college and herself.

6.   In turn, the Dean responded by acknowledging that she did not want her personal information disclosed. At the same time he said " You will also have to file the motion with the Court, either on your own or through legal counsel." The aforesaid letter and emails are attached and made a part hereof as "Exhibit I".

7.   Intervening Student Doe implores this Court to consider the fact that as a result of

2

what she has gone through during her time at Haverford College, all caused by Plaintiff, she is extremely fearful of Plaintiff Doe and wishes no further contact with him.

8.   Intervening Student Doe has reason to believe that Plaintiff Doe already knows the true facts of what transpired with her which rebuts his claims. Nonetheless he continues to assert those claims, now further harassing her via his litigation.

9.   Further, with respect to Plaintiff' Doe's unsuccessful motion for a Temporary Restraining Order and Preliminary Injunction denied on February 14, 2023 (Document #22), Intervening Student Doe understands that Plaintiff acknowledged knowing her , but denied any intimate or physical contact  with her claiming that allegations of such behavior were a false rumor. To the contrary Intervening Student Doe takes issue with the contention that the allegations that there was no physical contact and that accusations of such directed towards him constituted false rumor.

10.   Further, Intervening Student Doe takes issue with certain averments contained in  Plaintiff's First Amended Complaint (Document #26):

- Commencing with paragraph 1 and repeating thereafter, Plaintiff claims that he has been subjected to, among other things, "gender-based harassment" and "defamation" based upon his claim that certain individuals initiated and "spread a false and malicious rumor that he sexually assaulted multiple women" which he characterized as constituting *per se* defamation.  To the extent that such claims are based on what transpired between Plaintiff and Intervening Student Doe, there is no validity to those claims of defamation and falsity.

- Commencing with paragraph 2, Plaintiff claims that he was sanctioned "for purported, but fictitious sexual misconduct". To the extent that that such claims are

3

based on what transpired between Plaintiff and Intervening Student Doe, there is nothing fictional about those claims. Subsequent denials by Plaintiff throughout paragraph 2 and subsequent thereto of the absence of "any sexual or intimate conduct" with Intervening Student Doe also lack validity as to Intervening Student Doe.

- In Paragraph 42, Plaintiff complains of a "false and vicious rumor...... that John had raped a female student." To the extent that such claims are based on what transpired between Plaintiff and Intervening Student Doe, there is no validity to those claims of falsity or viciousness.

- In Paragraph 43, Plaintiff states the following "This rumor was entirely false-indeed fabricated out of whole cloth. John had no sexual or intimate contact of any kind, or any physical contact at all, with the woman whom he later came to understand was the purported victim in the rumor, as well as an originator of the rumor. To the extent that such claims are based on what transpired between Plaintiff and Intervening Student Doe, there is no validity to Plaintiff's denials and assertions of falsity.

- In Paragraph 97, Plaintiff states that he "believes he knows the identity of the female student who was contacted by Haverford's Title IX Office and who was rumored to be a potential victim." Given what transpired between Plaintiff and Intervening Student Doe, of course he knows Intervening Student Doe's identity.

- In Paragraph 97, Plaintiff goes on to state that he has " never had sexual relations or intimate contact of any kind-or indeed any physical contact whatsoever at any point in time-with this person." To the extent that such claims are based on what transpired between Plaintiff and Intervening Student Doe, there is no validity to those claims.

- Finally, in Paragraph 97, Plaintiff states: " Therefore, John avers upon information and belief that the female student did not advise Haverford that she would not be filing a complaint, but also advised Haverford that she would have no basis to do so because she had never had sexual contact with John." To the extent that such claims are based on what transpired between Plaintiff and Intervening Student Doe , while Intervening Student Doe told Haverford representatives that she would not be filing a complaint, it is denied that Intervening Student Doe lacked a basis to do so or that she never had sexual contact with John.

- In Paragraph 98, Plaintiff claims that "Haverford has actual knowledge that the only identifiable rumored 'victim' of sexual assault has denied the rumor. To the extent that this refers to Intervening Student Doe, she does not denied what actually took place and does not characterize it as a false rumor.

11.  Intervening Student Doe notes that a Stipulated Confidentiality Agreement and Protective Order has been recently entered into by the parties and approved by the Court. (Document #61)  Notwithstanding, Intervening Student Doe is not a party to said Agreement.

5

12.   By this Court's Order and Memorandum of August 7, 2023 (Documents #48 and#47 respectively), Plaintiff's only remaining claims involve breach of contract against Haverford College and a defamation claim against Coach 1.

13.   Given the situation as outlined herein, Intervening Student Doe remains fearful of Plaintiff given their interaction that has included the incident and Plaintiff's subsequent threatening behavior. Furthermore, given the fact that this initial discovery request of Haverford College will be followed by more in the way of discovery requiring more of the way of exposure for Intervening Student Doe to this case, this Court must further insert itself into the discovery process.

14.   Intervening Student Doe requests the protection of the Court consisting of an "in Camera" meeting with her counsel and the Court prior review of the documents to be produced by Haverford College. This should happen prior to those documents being disclosed by Haverford College shared in discovery. Should the Court deem that these records are discoverable, then Intervening Student Doe requests that they be appropriately redacted, and filed under seal, for attorney's eyes only.  Further, given Plaintiff's past actions towards her which have rendered her fearful to an extreme degree, Intervening Student Doe requires this Court's additional protection in the way of barring Plaintiff himself from being in her presence either physically or by electronic means such as Zoom during the course of the proceedings in this case.

15.   Notwithstanding the fact that Intervening Student Doe is not a party to this action, the undersigned has conferred with counsel for the various parties about the substance of this motion prior to filing it.

6

Dated: February 7, 2024                    Respectfully Submitted,

                                           /s/ Mark D. Schwartz
                                           Mark D. Schwartz, Esquire (Pa. #30527)
                                           300 Sandcastle Drive,
                                           Bryn Mawr, PA 19010-0330
                                           Telephone & Fax: 610 525-5534
                                           Email: MarkSchwartz6814@gmail.com

                                           Attorney for "Intervenor Student Doe"



January 25, 2024

**Re: FERPA Notification**

**Delivered via email to:** ████████████████████████████████████

Dear ███████████████████████,

Haverford College is a defendant in a lawsuit brought by a former Haverford student involving allegations concerning College athletics and reports of sexual misconduct. That student's attorneys have requested that the College provide to them certain records relevant to the lawsuit that are likely to contain personally identifiable information about you.

You are not a party to this lawsuit. You are receiving this letter because the College is complying with the Family Educational Rights and Privacy Act (FERPA), a federal privacy law that requires advance notice to students before records directly relating to them are provided in response to any court process.

This notice is provided so that you, in your sole discretion, can decide whether you would like to make any objection or file any motion with the court if you think that there is a legal basis that information concerning you should not be provided. If you do not object in writing to the College or otherwise file a motion with the court to halt production, the College intends to provide the requested records to the student's attorneys in approximately **fourteen (14) days**.

The judge in this lawsuit has issued a protective order making certain records confidential, including certain student records, which may impact your decision about whether to object. A copy of that protective order is attached so that you may review it. The protective order also contains the docket information for the case, in the event you decide to file a motion to limit the College's obligation to produce documents that contain information about you.

If you have questions about whether to object, please consult with your/an attorney. You do not need to respond to this communication unless you intend to object.

Sincerely,

John McKnight, Dean of the College

**EXHIBIT**
**1**

 Gmail

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ .com>

## RE: FERPA Notification from Dean of the College John McKnight

3 messages

**Syona Arora** <sarora@haverford.edu>
Cc: John McKnight <jmcknight@haverford.edu>
Bcc: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Thu, Jan 25 at 12:20

Please see attached the protective order that makes certain records confidential. The protective order also contains the docket information for the case, in the event you decide to file a motion to limit the College's obligation to produce documents that contain information about you.

Sincerely,

**Syona Arora (she/her)**
Executive Assistant to the Dean of the College

Protective Order.pdf

To: Syona Arora <sarora@haverford.edu>
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Thu, Jan 25 at 12:52

Good morning Sonya,
Forgive me, I'm not well versed with what is in my legal right to request. Am I permitted to ask the college to refrain from disclosing information about me without filing an official motion? I don't consent to having any of my personal information released along with any correspondence between the college and I.
Best,
▬▬▬

[Quoted text hidden]

**John McKnight** <jmcknight@haverford.edu>
To: Syona Arora <sarora@haverford.edu>, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Fri, Jan 26 at 09:03

Dear ▬▬▬,

Thanks for your message informing us that you do not want your personal information disclosed. You will also have to file the motion with the Court, either on your own or through legal counsel. Please let us know if you have any additional questions.

All my best,
Dean McKnight
[Quoted text hidden]
--

**John F. McKnight, Jr.** (*he/him*)
Dean of the College
Haverford College

UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE | : |
| Plaintiff, | : |
| v. | : |
| HAVERFORD COLLEGE, | : Civil Action No. 2:23-00299-GAM |
| COACH 1, | : |
| CAPTAIN A, and | : |
| STUDENT 1 | : |
| Defendants | : |

[Proposed] ORDER

AND NOW, this ___ day of _____, 2024 in consideration of Intervening Student Doe's Motion for a Protective Order and In Camera meeting, Haverford College is hereby ordered not to release discovery requests that pertain to Intervening Student Doe until after the outcome of an "in camera" meeting attended by Intervening Student Doe's counsel with the Court such that the Court can review pertinent documents and consider such other relief that would protect Intervening Student Doe.

BY THE COURT

_____ J.

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2024 the foregoing Motion was filed via the Court's ECF system, thereby serving a copy on all counsel of record.

/s/ *Mark D. Schwartz*

Mark D. Schwartz

Dated: February 7, 2024

9