# EXHIBIT A

# Cohen, Jonathan Z.

| | |
|---|---|
| **From:** | McCool, Joseph P. <JMcCool@mmwr.com> |
| **Sent:** | Friday, February 9, 2024 9:52 AM |
| **To:** | Hamill, Patricia; Cohen, Jonathan Z. |
| **Cc:** | 'Joshua Richards (joshua.richards@saul.com)'; 'Levi Schy (levi.schy@saul.com)'; 'Kevin Siegel' |
| **Subject:** | RE: Doe v. Haverford College et al. - Deposition Scheduling |

**[External Message]**

Dear Patricia,

Captain A does not agree to any further postponement of Plaintiff's deposition, which is currently scheduled for February 13. Having already accommodated two requests for postponement, we cannot agree to any more delays. Therefore, we plan to proceed with Plaintiff's deposition on February 13.

Sincerely,

Joe



**Joseph P McCool** | Associate
**Montgomery McCracken Walker & Rhoads LLP**
1735 Market Street | Philadelphia, PA 19103-7505
Tel: 215-772-7232 | Fax: 215-772-7620 | jmccool@mmwr.com | Attorney Profile



Notice: This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution and/or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender and please immediately delete this message from your computer as well as any storage device(s). Thank you

**From:** Hamill, Patricia <phamill@ClarkHill.com>
**Sent:** Thursday, February 8, 2024 2:31 PM
**To:** Hamill, Patricia <phamill@ClarkHill.com>; McCool, Joseph P. <JMcCool@mmwr.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** 'Joshua Richards (joshua.richards@saul.com)' <joshua.richards@saul.com>; 'Levi Schy (levi.schy@saul.com)' <levi.schy@saul.com>; 'Kevin Siegel' <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al. - Deposition Scheduling

**\*\*CAUTION\*\* External Email**

Dear Counsel,

In a further attempt to meet and confer to avoid unnecessary motion practice regarding the timing of Plaintiff's deposition, I am writing again to request your agreement that the deposition noticed for February 13 be postponed to a later date to be agreed among the parties, as discussed below.

In my January 22 email below, I noted that "if Haverford students object to the release of their information under FERPA, it will prevent Haverford from producing documents relating to the Title IX Office files, including identifying the involved student(s), and further prevent Defendants' counsel from using those documents to question Plaintiff at his deposition." As you know, yesterday a student claiming to be a purported victim of Plaintiff filed a motion (ECF 69) objecting to the release of records held by Haverford pertaining to the student and seeking a stay of discovery until the Court conducts an *in camera* hearing and makes a decision. The parties have 14 days to respond to the student's motion (L.R. 7.1(c)), and it is unknown whether and when the Court will then hold the requested *in camera* hearing and issue a decision. In any case, it seems that Haverford will have to withhold the objecting student's records from all parties until the Court resolves the motion. Further, Plaintiff also is still waiting for outstanding discovery from Student 1 and Captain A, including clearly incomplete interrogatory answers. And as we have repeatedly stated, Plaintiff will object to sitting for more than one deposition.

Given these circumstances, it seems impractical and unwise for Defendants to seek to take Plaintiff's deposition on February 13, and we suggest that you reconsider. If you do not agree to push Plaintiff's deposition at least until after the intervening student's records have been disclosed with adequate time to review those records, we intend to move for a protective order. Our proposal today is designed to avoid unnecessary discovery motions—including any motion that Defendants may file to re-depose Plaintiff. As you know, the Court has cautioned against unnecessary discovery motions. (ECF 68 ("Counsel are once again referred to the Court's Guidelines, specifically the American College of Trial Lawyers Code of Pretrial Conduct, and reminded of the Court's expectation that discovery proceed in an orderly fashion with a minimum of motion practice."))

We also want to let you know that, prior to yesterday's filing by the intervening student, Jonathan and I had several meet-and-confer sessions with the student's attorney in an attempt to avoid what has happened here: a delay in Haverford's being able to produce what are clearly central records relating to the claims and defenses in this case. We addressed the student's stated concerns that she not be in the same room with Plaintiff by offering that if she is deposed, Plaintiff would participate only remotely and not on camera. We assured counsel that any records pertaining to the student that Haverford might produce would be protected under the existing confidentiality order and that the intervening student and any other student would be referred to by pseudonym. We also offered, if necessary, to work with counsel to all parties to reach a modified confidentiality order that would address the student's concerns. We asked counsel to specify any remaining concerns and offered to work together to address them. Counsel stated no further concerns but nevertheless filed the motion on behalf of the intervening student.

As you may know, FERPA is not a privilege and does not prevent the release of the requested records, which are clearly relevant. The objective is to protect the records from disclosure beyond the needs of the case. We would be willing to work together to attempt to convince the intervening student, through her counsel, to withdraw the motion. In the meantime, counsel has asked that discovery be stayed, and we are without crucial information.

Please advise me as to whether you agree to postpone Plaintiff's deposition to a later date. There are more than three months left for discovery, and no one would be prejudiced by a postponement. If there is no agreement, we will move forward with filing our motion for protective order.

Thank you,
Patricia

**Patricia M. Hamill**
Member
**Clark Hill**
Two Commerce Square, 2001 Market Street, Suite 2620, Philadelphia, PA 19103
+1 215-864-8071 (office) | +1 215-421-2795 (cell) |
phamill@clarkhill.com   |   www.clarkhill.com
Visit our Title IX and Campus Disciplinary website

**From:** Hamill, Patricia
**Sent:** Monday, January 22, 2024 7:39 PM
**To:** McCool, Joseph P. <JMcCool@mmwr.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al. - Deposition Scheduling

Dear Counsel,

We understand from Joe that all defense counsel agree to a single deposition of Plaintiff in this case, at which each defendant will have the opportunity for examination, following entry of the confidentiality order, on a mutually agreeable date between February 12 and 18. Please confirm your agreement by return email.

Plaintiff will not consent to a deposition longer than one day of seven hours. As you know, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Further, Judge McHugh has endorsed the Code of Pretrial and Trial Conduct, which requires that discovery be "focused" and "efficient," and that a deposition should not be "unnecessarily prolong[ed]." *See* Code of Pretrial & Trial Conduct at 8, 9.

Nothing about this case, including the fact that there are multiple defendants, warrants a departure from these principles. Defendants share a single common, predominating issue in this case: They are accused of defaming Plaintiff by conveying that he engaged in sexual assault. Further, a deposition of Plaintiff will not be the first time that Plaintiff has testified under oath regarding the underlying facts. As you know, Plaintiff testified on February 3, 2023 at the hearing on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. All parties will have access to that transcript prior to Plaintiff's deposition, and Haverford's counsel was present for that testimony. Moreover, Plaintiff will be traveling from out of town to Philadelphia for his deposition. Given these factors, Defendants' request for a *14-hour*, multi-day deposition of Plaintiff is unreasonable, unnecessary, and counter-productive.

Notwithstanding the forgoing, to avoid motion practice on this issue, we are willing to recommend to our client that he agree to an extension of the time limit of the deposition from 7 hours to 8 and a ½ hours so long as all Defendants agree to complete the deposition in a single day. We would agree to start at 8 a.m. and would hope that we could keep the length of breaks to a minimum and have lunch brought in so that the lunch break is not overly long. With that setup, the deposition should proceed efficiently.

Further, as we have stated previously, and as we discussed with Joe on January 18, Plaintiff agrees to be deposed at this time with the understanding that it is his only deposition in this case. For that reason, all discovery requested by Plaintiff from all Defendants should be produced sufficiently in advance of Plaintiff's deposition.

Joe, you have said that you will make Captain A's full production of documents and amended interrogatory responses as soon as the confidentiality order is entered. The other Defendants have not yet made that representation. If Plaintiff has not been informed of the identity of the purported victim or received details about the false allegations of sexual misconduct made against him, any questions concerning these unknown allegations would be irrelevant and improper. As we have stated, Plaintiff does not consent to deposition by ambush. Moreover, if Haverford students object to the release of their information under FERPA, it will prevent Haverford from producing documents relating to the Title IX Office files, including identifying the involved student(s), and further prevent Defendants' counsel from using those documents to question Plaintiff at his deposition. Our understanding is that Haverford has not yet sent any FERPA notices to students. And when that occurs, students will still have 14 days to object. Other pending discovery disputes also could interfere with Defendants' ability to ask questions during an early deposition. With the submission of the proposed confidentiality order to the Court this afternoon, we are hopeful that Haverford can begin the FERPA notice process.

Therefore, and to avoid further unnecessary disputes, we encourage Defendants' counsel to wait until later in the discovery period to take Plaintiff's deposition. As we told Joe on January 18, if Plaintiff's deposition proceeds in February

and inappropriate questioning ensues given the lack of an evidentiary foundation, Plaintiff intends to move to terminate the deposition under Rule 30(d)(3). We are hopeful we do not need to resort to that.

Plaintiff has been trying since February 2, 2022, to obtain underlying information about the identity of the complaining student(s) and the substance of the complaint(s). Nearly two years later he still has received no response.  We expect that all parties will supplement deficient discovery responses forthwith, and that all documents as to which Plaintiff will be examined will be produced soon after the Court's entry of the confidentiality order. If the pace of Defendants' discovery responses renders a deposition between February 12 and 18 unlikely to be productive or likely to proceed in a manner that unreasonably annoys, embarrasses, or oppresses the Plaintiff, Plaintiff may still have no choice but to move for a protective order to allow his deposition to go forward at a time when the record is more developed.  We hope that no motion practice relating to Plaintiff's deposition is necessary

Sincerely,

Patricia

### Patricia M. Hamill
Member
### Clark Hill
Two Commerce Square, 2001 Market Street, Suite 2620, Philadelphia, PA 19103
+1 215-864-8071 (office) | +1 215-421-2795 (cell) |
phamill@clarkhill.com  |  www.clarkhill.com
Visit our Title IX and Campus Disciplinary website

---

**From:** Hamill, Patricia
**Sent:** Monday, January 22, 2024 5:45 PM
**To:** McCool, Joseph P. <JMcCool@mmwr.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al. - Deposition Scheduling

Joe,

I will be sending you a response shortly but have been on calls and in Zoom meetings all afternoon.  I have one more client Zoom starting now and will respond to you as soon as I am finished with that.

Thanks.

Patricia

### Patricia M. Hamill
Member
### Clark Hill
Two Commerce Square, 2001 Market Street, Suite 2620, Philadelphia, PA 19103
+1 215-864-8071 (office) | +1 215-421-2795 (cell) |
phamill@clarkhill.com  |  www.clarkhill.com
Visit our Title IX and Campus Disciplinary website

---

**From:** McCool, Joseph P. <JMcCool@mmwr.com>
**Sent:** Monday, January 22, 2024 2:20 PM
**To:** Hamill, Patricia <phamill@ClarkHill.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com)

4

<levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al. - Deposition Scheduling

**[External Message]**

Dear Patricia and Jonathan,

I am writing to follow up on my previous email sent on Friday concerning the deposition of Plaintiff.  Please confirm that you will produce Plaintiff for his deposition between February 12 – 18, and that you are agreeable to a 14-hour limit.

Please confirm by 5:00 pm today.

Thank you for your professional courtesy.

Sincerely,

Joe



**Joseph P McCool** | Associate
**Montgomery McCracken Walker & Rhoads LLP**
1735 Market Street | Philadelphia, PA 19103-7505
Tel: 215-772-7232 | Fax: 215-772-7620 | jmccool@mmwr.com | Attorney Profile



Notice: This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution and/or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender and please immediately delete this message from your computer as well as any storage device(s). Thank you

**From:** McCool, Joseph P.
**Sent:** Friday, January 19, 2024 9:22 AM
**To:** Hamill, Patricia <phamill@ClarkHill.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al. - Deposition Scheduling

Dear Patricia and Jonathan,

Thanks again for the productive discussion we had yesterday concerning the deposition of Plaintiff.

Following our conversation, I have consulted with Joshua and Kevin and can confirm that all Defendants are in agreement to participate in Plaintiff's deposition.

As highlighted in the Rule 26 Report, we believe it is necessary to extend the duration of Plaintiff's deposition beyond the standard 7-hour limit set by the Federal Rules of Civil Procedure. To this end, we are proposing an extension to 14 hours.

5

Could you please confirm if this is acceptable? Assuming we have an agreement, I will send out a revised deposition notice for a date between February 12 – 18.

Sincerely,

Joe

---

**From:** McCool, Joseph P.
**Sent:** Tuesday, January 16, 2024 11:15 PM
**To:** Hamill, Patricia <phamill@ClarkHill.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al. - Deposition Scheduling

Dear Patricia,

I am responding to your recent email regarding your refusal to produce Plaintiff for his scheduled deposition on January 22. As per the Rules of Civil Procedure, Captain A is entitled to conduct Plaintiff's deposition at this stage. Your current reasoning does not provide a legitimate basis to deny this right.

According to Rule 26(d)(3), parties are free to conduct discovery in any sequence they choose, and ongoing discovery by one party does not impede another party's right to discovery. Consequently, your claim that conducting Plaintiff's deposition now is "too soon" or "improper" due to the preliminary stage of discovery lacks merit.

Furthermore, Captain A is not barred from deposing Plaintiff simply because you are awaiting documents from another party or believe the responses to interrogatories are insufficient. The discovery process does not operate on a priority basis, and as established under Rule 26(d), no party can dictate the sequence of discovery.  Captain A is well within his rights to proceed with Plaintiff's deposition, irrespective of other ongoing discovery activities.

You have mentioned that proceeding with Plaintiff's deposition contradicts the phased discovery approach discussed during the preparation of the Rule 26 Report. I would like to clarify that the Rule 26 Report indicated the phased discovery approach was contingent on mutual agreement and being potentially worthwhile.  Captain A has neither agreed to such an approach nor finds it to be worthwhile to proceed in this manner. Most importantly, the Court's Scheduling Order (Doc. 58) does not stipulate a phased discovery process, allowing Captain A the flexibility to conduct discovery as deemed appropriate.

Your recent email proposes making Plaintiff available for deposition between February 12 and 18, 2024, subject to specific conditions. It is important to clarify that you cannot unilaterally impose conditions on how Captain A—or any other party—conducts depositions.  Such preconditions run contrary to the guidelines of Rule 26 and the established norms of standard discovery practices.  Furthermore, the conditions you have stipulated, particularly concerning the acquisition of documents and additional information, stem directly from the month-long delay in your response to the draft protective order.  This delay is the primary cause of the current holdup in exchanging  documents and information. Therefore, the conditions you are attempting to impose on Captain A are necessitated solely by your actions.

6

Captain A initially provided sufficient notice for the deposition scheduled for January 16 and subsequently proposed rescheduling to January 22 or another agreeable date, to which there was no response. Therefore, the amended notice for January 22 remains valid. However, to resolve the dispute and avoid unnecessary motions practice, Captain A is willing to reschedule the deposition to a date between February 12 and 18. However, Captain A will not agree to any preconditions for conducting Plaintiff's deposition.

Please confirm by Thursday, January 18, whether this proposal is agreeable to you. In the absence of a response by this date, we will proceed with the deposition scheduled for January 22. If Plaintiff fails to appear, Captain A will file a Motion to Compel and seek appropriate sanctions as necessary.

Sincerely,

Joe

**From:** Hamill, Patricia <phamill@ClarkHill.com>
**Sent:** Sunday, January 14, 2024 5:09 PM
**To:** McCool, Joseph P. <JMcCool@mmwr.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al. - Deposition Scheduling
**Importance:** High

**\*\*CAUTION\*\*** External Email

Dear Joe,

I am writing to advise you formally that Plaintiff will not appear for a deposition on January 22, 2024. As Jonathan previously stated in an email (attached) to Josh, Levi, and Kevin on which you were inadvertently left off, and as we reiterated in our January 8 meet-and-confer session, that date is too soon, and any deposition of Plaintiff at this preliminary stage of discovery would be improper.

As discussed further below, a deposition of Plaintiff at this early stage also would be inconsistent with the phased discovery approach—to allow for the possibility of mediation following document discovery but before depositions—that the parties discussed when they worked together to prepare the Rule 26 Report. Nevertheless, assuming that, by February 5, (i) Defendants make complete document productions (including production of all Title IX and Athletic Department files related to Plaintiff) and provide complete and sworn interrogatory answers, and (ii) the name(s) of any purported victim(s) has been disclosed to Plaintiff, then Plaintiff is prepared to make himself available for a single deposition as to all Defendants on a day between February 12 and 18, 2024, when he and I are both available.

Plaintiff filed this action against Captain A for circulating false rumors that Plaintiff had committed rape or sexual assault. No Defendant has ever disclosed the identity of any purported victim, disclosed the date or location of any purported rape/assault, provided any details whatsoever about any purported rape/assault, or provided any basis of any kind for their statements about Plaintiff in connection with any purported rape/assault.

In particular, Captain A's recent interrogatory answers are utterly devoid of this information. As you know, Plaintiff's interrogatories requested that Captain A provide the "precise content . . . in as close to verbatim form as possible" of any communications that he had concerning the alleged sexual misconduct. Captain A's *unsworn* answers do not provide any detail about the allegations despite your statement to Jonathan over the phone that the allegations that your client received were quite detailed.

To the extent that Kevin would like to participate in a deposition of Plaintiff, the *unsworn* interrogatory answers of his client, Student 1, are more lacking still. In response to the same question requesting the "precise content . . . in as close to verbatim form as possible" of any communications regarding the alleged sexual misconduct, Student 1 provided no information except the unsworn statement that she had "multiple conversations with [a Haverford student] about alleged sexual misconduct on the part of Plaintiff."

Moreover, Plaintiff has not yet received any documents about the purported sexual misconduct from any Defendant. And we have been told repeatedly both by you and by Haverford's counsel that a document or documents exist that contain the allegations against Plaintiff. In the course of preparing for the Rule 16 conference and in response to Plaintiff's reluctance to participate in any mediation without first a counter proposal to his demand and documents that outlined the purported complaint against him, Haverford's counsel stated that he would recommend to his client an initial limited production of documents so that Plaintiff could better evaluate the strength of his case. The details of

8

that proposal were never finalized because Plaintiff and Haverford did not agree on an acceptable approach, but Plaintiff did propose in the Rule 26 Report that the parties exchange written discovery first and, before taking depositions, pause to assess the case, including considering mediation. A phased approach would potentially be cost-effective for all parties. But, to date, no such documentary or other information has been produced to Plaintiff by anyone. To the extent any such documentary or other information exists, it should be produced forthwith, and certainly in advance of any party taking on the costs and burdens of any deposition.

The May fact discovery deadline is four months away. Taking a premature deposition of Plaintiff—at a time when virtually all factual development remains—also poses the risk that one or more Defendants will seek to take Plaintiff's deposition again. As we have previously made clear, Plaintiff will only be deposed in a single deposition by all parties, and we will oppose any request for Plaintiff to sit for more than one deposition. As you are aware, leave of the Court would be required to take Plaintiff's deposition more than once. Fed. R. Civ. P. 30(a)(2).

During our January 8 meet-and-confer session, you refused to provide any explanation as to why you wanted to take Plaintiff's deposition at this preliminary stage. Seeking to depose Plaintiff four months before the close of discovery, before any substantive documents have been exchanged, and before Captain A and other Defendants have completed their other discovery obligations or even provided Plaintiff with any specificity concerning the allegation against him, appears designed to ambush Plaintiff, to facilitate improperly broad deposition questioning, and to lay the groundwork for an attempt to force Plaintiff to sit for multiple depositions. This is improper. The discovery process in the United States is designed to prevent, not facilitate, litigation by ambush and surprise.

If we cannot agree on Plaintiff's deposition date, Plaintiff will be forced to move for a protective order and intends to seek fees and costs for doing so. Our proposal is more than reasonable, in no way prejudices your client or any of the other parties, and would prevent such an unnecessary burden on the Court.

Separately, and I am now directing this to Kevin as well, following up on my email to you both on December 27, 2023, we would like to schedule the depositions of Captain A and Student 1. We would like these depositions to occur in person in Philadelphia. Please provide dates on which you and your clients are available between February 12-18 and all of March.

Sincerely,

Patricia

**Patricia M. Hamill**
Member
**Clark Hill**
Two Commerce Square, 2001 Market Street, Suite 2620, Philadelphia, PA 19103
+1 215-864-8071 (office) | +1 215-421-2795 (cell) |
phamill@clarkhill.com | www.clarkhill.com
Visit our Title IX and Campus Disciplinary website

---

**From:** McCool, Joseph P. <JMcCool@mmwr.com>
**Sent:** Monday, January 8, 2024 2:04 PM
**To:** Hamill, Patricia <phamill@ClarkHill.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al.

**[External Message]**

Dear Counsel,

I have not received a response to my email dated December 29, in which I proposed rescheduling Plaintiff's deposition to January 22.  Consequently, attached is an amended notice for taking Plaintiff's deposition on January 22.  If you do not intend to produce Plaintiff on January 22, then you will need to file a motion for protective order.

Sincerely,

Joe



**Joseph P McCool** | Associate
**Montgomery McCracken Walker & Rhoads LLP**
1735 Market Street | Philadelphia, PA 19103-7505
Tel: 215-772-7232 | Fax: 215-772-7620 | jmccool@mmwr.com | Attorney Profile



Notice: This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution and/or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender and please immediately delete this message from your computer as well as any storage device(s). Thank you

**From:** McCool, Joseph P.
**Sent:** Friday, December 29, 2023 4:15 PM
**To:** Hamill, Patricia <phamill@ClarkHill.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al.

Hi Patricia,

Thanks for your email.

Our notice to take Plaintiff's deposition on January 16, 2024 is not a placeholder.  However, if you are unavailable on January 16, we will be happy to reschedule to a date when you are available.  Please let me know if January 22 is acceptable and I will serve an amended notice.  If January 22 doesn't work, please provide another date when you are available in the last two weeks of January.

If I don't hear from you with an alternate date by next Thursday, January 4, then I will assume that January 22 is available and I will send out an amended notice.  Thank you for your professional courtesy.

Joe

**From:** Hamill, Patricia <phamill@ClarkHill.com>
**Sent:** Wednesday, December 27, 2023 10:30 AM

**To:** McCool, Joseph P. <JMcCool@mmwr.com>; Cohen, Jonathan Z. <jcohen@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** RE: Doe v. Haverford College et al.

**CAUTION** External Email

Dear Counsel,

I am writing regarding the Notice of Deposition for Plaintiff that Mr. McCool sent along with his request for production of documents.

We assume that Captain A's notice to take Plaintiff's deposition on January 16, 2024, was intended merely as a placeholder, as there has been no discussion about the availability of Plaintiff, me, or Jonathan (not to mention other counsel), and I am not available on that date in any event. If it was not intended as a placeholder, we do not agree to a deposition on that date and suggest that going forward all deposition dates be discussed and agreed to among counsel and the parties. Given that the discovery deadline is four and a half months away, no documents have been exchanged yet, and Plaintiff still does not know who accused him of sexual misconduct, a deposition of Plaintiff on January 16th would be premature.

Let's schedule a call in the new year to discuss all deposition scheduling, keeping in mind that in general depositions should follow the completion of document discovery.

Patricia

**Patricia M. Hamill**
Member
**Clark Hill**
Two Commerce Square, 2001 Market Street, Suite 2620, Philadelphia, PA 19103
+1 215-864-8071 (office) | +1 215-421-2795 (cell) |
phamill@clarkhill.com | www.clarkhill.com
Visit our Title IX and Campus Disciplinary website

**From:** McCool, Joseph P. <JMcCool@mmwr.com>
**Sent:** Thursday, December 7, 2023 4:42 PM
**To:** Cohen, Jonathan Z. <jcohen@ClarkHill.com>; Hamill, Patricia <phamill@ClarkHill.com>
**Cc:** Joshua Richards (joshua.richards@saul.com) <joshua.richards@saul.com>; Levi Schy (levi.schy@saul.com) <levi.schy@saul.com>; Kevin Siegel <kevin@KMSLawGroup.com>
**Subject:** Doe v. Haverford College et al.

**[External Message]**

Counsel,

Please see the attached Captain A's First Set of Requests for Production of Documents to Plaintiff, and Notice of Deposition of Plaintiff.

Thank you,

Joe



**Joseph P McCool** | Associate
**Montgomery McCracken Walker & Rhoads LLP**
1735 Market Street | Philadelphia, PA 19103-7505
Tel: 215-772-7232 | Fax: 215-772-7620 | jmccool@mmwr.com | Attorney Profile



---

Notice: This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution and/or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender and please immediately delete this message from your computer as well as any storage device(s). Thank you