IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | : Civil Action No.: 23-299 |
| *Plaintiff*, | : |
| v. | : |
| HAVERFORD COLLEGE, | : |
| COACH 1, | : |
| CAPTAIN A, and | : |
| STUDENT 1, | : |
| *Defendants*. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO MODIFY ORDER DISMISSING THE ACTION FOR PURPOSES OF RETAINING JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT**

Plaintiff John Doe, by and through his undersigned counsel, submits this memorandum of law in support of his accompanying motion to modify the dismissal order dated July 26, 2024 (ECF 108). Plaintiff respectfully requests that the Court modify its order dated July 26, 2024 (ECF 108), dismissing this action with prejudice. Plaintiff requests this modification to permit the Court to retain jurisdiction so that it may, if necessary, enforce the settlement agreement between John Doe and Defendant Captain A. Captain A is the only Defendant who has not executed a settlement agreement. Plaintiff remains optimistic that Captain A will execute the agreement without court intervention, and Plaintiff only makes this motion to place the Court in a position to enforce the agreement if necessary.

This request for a modification of the order dismissing the action is made pursuant to

1

Rule 41.l(b) of the Local Rules of Civil Procedure, which allows an order of dismissal to be modified, for good cause shown, upon the application of any party within ninety days of the entry of the order of dismissal.

## FACTUAL BACKGROUND

1. On March 21, 2023, Plaintiff filed a First Amended Complaint against Defendants Haverford College, Coach 1, Captain A, and Student 1, docketed as *John Doe v. Haverford College, Coach 1, Captain A, and Student 1*, No. 2:23-cv-00299-GAM, in the U.S. District Court for the Eastern District of Pennsylvania (the "Court"). Plaintiff specifically alleged that Captain A is liable to Plaintiff for intentional infliction of emotional distress, defamation, and tortious interference with contract.

2. In a telephone discussion on April 15, 2024, counsel for John and counsel for Captain A agreed to settle the case as to those two parties. Since then, counsel for John and Captain A have engaged in numerous oral and electronic communications with respect to the settlement. However, to date, Captain A has not agreed to execute the settlement agreement.

3. On June 13, 2024, John filed a Notice of Voluntary Dismissal (ECF 107) as to Student 1, indicating that those parties had come to a resolution.

4. On July 22, 2024, John's counsel advised Your Honor's clerk by email that John and Captain A had been exchanging draft settlement papers since May 12, 2024 and that John had filed a Notice of Voluntary Dismissal as to Student 1 on June 13, 2024.

5. On July 26, 2024, the Court entered an order (ECF 108) dismissing this action under Local Rule 41.1(b). The order stated that it "may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is

consistent with Federal Rule of Civil Procedure 60(c)."

6. By October 10, 2024, John and the Haverford Defendants had fully executed a settlement agreement.

7. As of today, despite extensive efforts by John's counsel, the only Defendant who has not executed a settlement agreement with John is Captain A.

## ARGUMENT

8. Local Rule 41.l(b) states:

> Whenever in any civil action counsel shall notify the deputy clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the deputy clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. *Any such order of dismissal may be vacated, modified, or stricken from the record, for good cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal*, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c). (emphasis added.)

9. "Unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement." *Sawka v. Healtheast, Inc.,* 989 F.2d 138, 141 (3d Cir. 1993); *see also Pamela Minford's Fountainhead Inn v. Sec. Indem. Ins. Co.,* 2004 WL 1834276 (E.D. Pa. 2004) (dismissing motion to enforce settlement).

10. Plaintiff requests that the Court, by modification of the order of July 26, 2024 (ECF 108), retain jurisdiction in order to enforce the settlement between Plaintiff and Defendant Captain A. This modification would: (1) permit Plaintiff and Captain A to continue negotiating in good faith to consummate and execute the settlement agreement; or (2) permit

Plaintiff to move to enforce the settlement to which the parties agreed if Captain A ultimately refuses to execute the settlement agreement.

11. It is not uncommon for this Court to modify dismissal orders retaining jurisdiction beyond 90 days when necessary. *See, e.g., Bristol Twp. School Dist. v. S.W.,* 2010 WL 352209 (E.D. Pa. 2010) (Ditter, J.) (extending time of jurisdiction over case); *Morris v. Schemanski,* 2008 WL 2405769 (E.D. Pa. 2008) (Strawbridge, J.) (extending jurisdiction over settlement terms for period of a year); *Philadelphia Training Center Corp. v. State of Ga.,* 1993 WL 39294 (E.D. Pa. 1993) (Bartle, J.) (extending jurisdiction beyond 90 days under predecessor of Local Rule 41.1(b)).

12. In the present case, despite Plaintiff's best efforts to enforce the settlement agreement without the intervention of this Court, and a willingness to work with Captain A, Captain A has not agreed to execute the settlement agreement. Plaintiff remains optimistic that this matter will be resolved without Court intervention beyond modifying the existing dismissal order to extend the Court's jurisdiction over the settlement.

13. Plaintiff therefore respectfully requests that this Honorable Court enter the proposed order retaining jurisdiction to allow John Doe and Captain A to fully consummate the settlement in this case.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the order of July 26, 2024 (ECF 108), be modified by the addition of the following language: "This Court shall retain jurisdiction for purposes of enforcing the terms of the settlement agreement between Plaintiff and Defendant Captain A."

                                       Respectfully submitted,

Date: October 24, 2024            <u>*s/ Patricia M. Hamill*</u>
                                            Patricia M. Hamill (Pa. Id. No. 48416)
                                            Jonathan Z. Cohen (Pa. Id. No. 205941)
                                            **CLARK HILL PLC**
                                            Two Commerce Square
                                            2001 Market Street, Suite 2620
                                            Philadelphia, PA 19103
                                            (215) 864-8071 (Hamill)
                                            (215) 422-4426 (Cohen)
                                            phamill@clarkhill.com
                                            jcohen@clarkhill.com

                                            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Patricia M. Hamill, hereby certify that on the date set forth below, the foregoing document will be filed electronically and made available for viewing and downloading from the ECF system. Service will be made electronically on the following persons:

Jonathan Z. Cohen
jcohen@clarkhill.com

Patricia M. Hamill
phamill@clarkhill.com

Joseph P. McCool
jmccool.law@gmail.com

Joshua W.B. Richards
joshua.richards@saul.com

Levy R. Schy
levy.schy@saul.com

Kevin M. Siegel
kevin@kmslawgroup.com

*s/ Patricia M. Hamill*
Patricia M. Hamill, Esq.

Date: October 24, 2024